19 Utah 2d 346 (1967)
431 P.2d 571
IN THE MATTER OF THE ESTATE OF MARY E. RATLIFF, DECEASED.
EARL McLAIN ET AL., AND FIRST SECURITY BANK OF UTAH, N.A., PLAINTIFFS AND RESPONDENTS,
v.
MAYBELLE R. CONRAD, DEFENDANT AND APPELLANT.
No. 10604.
Supreme Court of Utah.
September 7, 1967.
Colton & Hammond, Beaslin, Nygaard, Coke & Vincent, Vernal, for appellant.
R. Earl Dillman, Roosevelt, Bruce T. Buell for Holland & Hart, Denver, Colo., for respondents.
CALLISTER, Justice:
This is a probate proceeding instituted on the petition of certain legatees named in the last will and testament of Mary E. Ratliff, deceased. Appellant, Maybelle R. Conrad, objected to the admission to probate of a will which was not the original but a certified photographic copy from the clerk of the District Court in and for Douglas County, Colorado, where the original instrument was lodged. Appellant does not challenge the validity or regularity of the instrument but objects solely on the ground that the certified photographic copy is not the best evidence and that the original is the only proper document to be admitted to probate.
After the death of Mrs. Ratliff, her will was lodged with the clerk of the District Court in and for Douglas County, Colorado, on July 13, 1965. A petition for probate was filed in Uintah County, Utah, on November 19, 1965, by several legatees under the will. A petition for probate was filed in Douglas County, Colorado, on November 26, 1965, by appellant. The Utah proceeding was held in abeyance pending admission of the will to probate in Colorado. A will contest developed in the Colorado proceeding, and the will was not admitted to probate; whereupon the Utah court held a hearing on January 4, 1966.
At the Utah hearing, the aforementioned photographic copy of the instrument lodged with the clerk of the District Court in Douglas County, Colorado, and certified by the clerk thereof, was introduced in evidence. Ralph Sargent, the sole surviving, attesting witness, testified from the copy, and it was admitted in evidence. Sargent further testified as to the circumstances surrounding the execution of the will and codicil.
The court then heard testimony of witnesses concerning the decedent's residence in Utah. The testimony indicated that the deceased had lived in Vernal, Utah, in a home that she owned. She also owned and operated a Utah license motor vehicle in Vernal, which she had driven to a laundromat on May 3, 1965; at this time she fell and sustained injuries. She was taken to Denver, Colorado, for medical treatment, where she died June 20, 1965. From the evidence, it was further established that deceased was a registered voter of Vernal, Utah, and that she had voted in the 1964 election. The record reveals no evidence indicating that deceased was a resident of Colorado or that she had intended to change her residence thereto.
The trial court, based upon the evidence, properly admitted the certified copy of the will to probate in Utah, with an instruction to obtain the original document.
Thereafter the respondents filed a petition to dislodge the will in Colorado, and the same was set for hearing on March 16, 1966. At the hearing, the court heard evidence on the original will. When this appeal was filed, the court in Colorado stayed the proceedings pending the ruling of this court on the appeal.
Section 78-25-12, U.C.A. 1953, provides:
A last will and testament, except a nuncupative will, is invalid, unless it is in writing and executed with such formalities as are required by law. When, therefore, such a will is to be shown, the instrument itself must be produced, or secondary evidence of its contents given.
Section 78-25-16, U.C.A. 1953, provides:
There can be no evidence of the contents of a writing, other than the writing itself, except in the following cases:
* * * * * *
(3) When the original is a record or other document in the custody of a public officer.
* * * * * *
Provided, however, if * * * any department or agency of government, in the regular course of business or activity has kept or recorded any memorandum, writing; * * * and in the regular course of business had caused any or all of the same to be recorded, copied or reproduced by any photographic * * * or other process which accurately reproduces or forms a durable medium for so reproducing the original * * *; and such reproduction when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not, * * *. (Emphasis added.)
In the cases mentioned in subdivisions (3) and (4), a copy of the original, or of the record, must be produced; in those mentioned in subdivisions (1) and (2), either a copy or oral evidence of the contents.
However, our observation that the documents, in compliance with this act are admissible as originals must be dicta because this court lacks jurisdiction to entertain this appeal, for appellant has failed to comply with Rule 73(a) U.R.C.P. in her filing of the notice of appeal.
After the hearing, appellant made a motion for a new trial, which was denied March 1, 1966. Under Rule 73(a), U.R.C.P., appellant had one month from that date or until April 1, 1966, in which to file her notice of appeal. The evidence indicates that such a notice was received by mail by the clerk of the District Court on April 1, 1966. On April 4, 1966, the clerk received by mail the additional copies of the notice for the attorneys for the respondents. On April 8, 1966, the clerk received the filing fee of $3.50, and it was at this time that the notice of appeal was filed.
Section 21-2-2, U.C.A. 1953, provides:
The county clerk shall receive the following fees:
For all services performed by him in any action or proceeding * * * to be collected in advance from the party commencing the action or proceeding; * *
* * * * * *
For filing notice and undertaking and all services, including indexing, on appeal to the Supreme Court, $3.50.
The second paragraph of Rule 73(a) provides:
A party may appeal from a judgment by filing with the district court a notice of appeal, together with sufficient copies thereof for mailing to the Supreme Court and all other parties to the judgment, and depositing therewith the fee required for docketing the appeal in the Supreme Court. The clerk of the district court shall forthwith transmit one copy of the notice of appeal, showing the date of filing, together with the required fee, to the Supreme Court where the appeal shall be duly docketed. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, * * *.
In Jacobsen v. Jeffries,[1] the factual situation was substantially similar to the instant case. The notice of appeal was left at the clerk's office prior to the expiration of the time for filing, but the fee was not paid, and the clerk did not file the notice. Subsequently, when the fee was paid, the notice was filed, but this event occurred after the time for appeal had lapsed.
This court stated:
Leaving a paper with a filing officer, a fee for the filing of which is by statute required to be paid in advance, is not a filing. It is the duty of the officer to collect and pay into the proper treasury the fee provided by law before the paper is filed. * * *
In the instant case, the filing fee was received after the time provided by Rule 73(a), U.R.C.P., had run, and the notice was stamped as filed at that late date only. Section 21-2-2, U.C.A. 1953 provides for the collection of all fees in advance by the county clerk, and the language is mandatory in nature; therefore, it was not the clerk's duty to file the notice until he had received the fee, and he could not have been compelled to do so. Since the notice was filed more than one month after the entry of judgment or the order appealed from (Rule 73(a), U.R.C.P.), this court lacks jurisdiction to entertain the appeal, and is therefore compelled to order a dismissal thereof.
Appeal dismissed. Costs to respondents.
TUCKETT and HENRIOD, JJ., concur.
CROCKETT, C.J., concurs, and also concurs with the opinion of ELLETT, J.
ELLETT, Justice (concurring in the result):
I concur in the result of the decision written by Mr. Justice CALLISTER. However, I think we should meet the issues raised in this case head on.
The facts of the case are very simple. The decedent had been a longtime voting resident of Utah. She voted at the last election held prior to her death. She had a bank account, owned an automobile, and maintained her home, all in Utah. Her will and codicil thereto were executed in Utah, and the subscribing witnesses were Utah residents. After her death, memorial services were held for her in her own town.
On May 3, 1965, she fell and broke her hip and was taken from Utah to Denver, Colorado, for medical treatment, where on June 20 following she died. On July 13, 1965, her will and codicil were filed with the clerk of the District Court of Douglas County, Colorado. On November 19, 1965, application was made for probate in Utah, and on November 26, 1965, application was made for probate in Colorado
It is the contention of appellant that the will cannot be probated in Utah until the original is offered to the court here, and since the original is in the courts of Colorado, the best that could be offered here is an exemplified photostatic copy of the original will and codicil.
By statute most states allow probate of estates when there is property of a decedent within the jurisdiction of their courts, even though no probate proceedings have been initiated in the domiciliary state. See Annotation, 119 A.L.R. 491. However, a court in its discretion will ordinarily postpone acting insofar as the will concerns movables until the court at the domicile has acted if proceedings in the domicile are pending at the time of the application for probate in the other state. See Restatement of the Law, Conflict of Laws, § 469.
The Colorado court in accordance with the prevailing practice has held up the proceedings regarding the probate of the will as an original will in Colorado until this court has determined if the will can be probated in Utah without the original being present.
While ordinarily this court does not give advisory opinions, yet it seems to me that we are not being very helpful to the Colorado court when we simply say, "We cannot answer the question posed because there was a technical failure in the proceedings on appeal in this matter." I think we should answer the question.
Section 75-3-23, U.C.A. 1953, provides that when a copy of a foreign will and the probate thereof duly authenticated is produced in court with a petition for letters, the court shall give notice thereof the same as is provided for in an original petition for probate of will; and the next section provides that on the hearing thereof, if it appears upon the face of the record that the will has been proved, allowed, and admitted to probate in any other state, etc., it must be admitted to probate. However, it should be noted that these sections apply only to foreign wills and not to wills made by local citizens.
The case of Murphy v. Murphy, 125 Fla. 855, 170 So. 856, is a case in point. There, the decedent was a resident of Florida who died in California. His will was admitted to probate in New York State. Thereafter a copy of the will was offered for probate in the State of Florida. The court, at page 868 of the Southern Reporter, said:
And in such cases, where the original will has been detained by a foreign court, so that the proponent cannot produce it for original probate in the state of testator's domicile, secondary evidence thereof for the purpose of original probate becomes admissible, as much so as if it were a lost will. [Citation omitted.]
To like effect is the case of Drohan v. Avellar, 276 Mass. 441, 177 N.E. 583. There, the testator, a resident of Massachusetts, made a will while sojourning on the island of Flores in the Azores Islands, a dependency of Portugal. The law of that place required that the will be written by a notary in a book kept for the purpose, which book by law was required to remain within the jurisdiction of its original execution. The Massachusetts court was confronted with the same problem which is raised in the instant case. In addressing itself to the point, the court had this to say at page 584 of the North Eastern Reporter:
The point of difficulty arises from the fact that the original instrument itself cannot be produced and placed on the records of the court, because under the law of the sovereign State where it was executed it became an official record there in the custody of a public officer provided by law for that purpose, must perpetually remain as a part of its public records and cannot be transmitted to this Commonwealth. * * * The precise question is whether in these circumstances the contents of the will can be proved by a duly authenticated copy.
The contents of a will which has been lost or destroyed may be proved by secondary evidence and if satisfactorily established may be admitted to probate. [Citations omitted.] That is not because of any statutory provision but because of the inherent function of the court to do justice in conformity to law. * * *
Utah does have a statutory provision for the proving of lost or destroyed wills. Section 75-3-26, U.C.A. 1953. It seems to me that a will may be considered lost when it can no longer be held or possessed and that the courts of Utah should be able to receive proof of the execution of this will under our statute more readily than it could if there were no such statute, as was the case in Drohan v. Avellar.
We do not pretend to tell the courts of our neighboring state what they can or should do regarding the probate of estates within their jurisdiction, but we should say it is our opinion that a will of a resident decedent can be proved and admitted to probate in Utah under the circumstances underlying this case, and that it is not necessary to the jurisdiction of the courts here that the original will be first filed with our own district court.
NOTES
[1] 86 Utah 587, 47 P.2d 892 (1935).