STATE of Utah, Plaintiff and Respondent,

v.

John Fairfield VAN GERVAN, Defendant and Appellant.

No. 18593.

Supreme Court of Utah.

Jan. 28, 1983.

Loni F. DeLand, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of driving under the influence of alcohol.

Defendant was first tried and convicted by a jury in the justice of the peace court. He appealed to the district court where a trial de novo was conducted and evidence was taken. The district court also found defendant guilty, ruling that he had voluntarily submitted to field sobriety tests. Now, before this Court, defendant seeks reversal based on alleged insufficiency of the evidence. Specifically, defendant contends that there was no evidence that he voluntarily submitted to the field sobriety tests and that evidence that he refused to take a chemical test was erroneously admitted.

Article VIII, Section 9 of the Constitution of Utah provides, in pertinent part, as follows:

> Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the District Courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute.

In *State v. Munger,* Utah, 642 P.2d 721 (1982), we quoted the foregoing language and then stated as follows:

> While the language of Section 78–3–5, U.C.A., (1953) appears somewhat broader in referring to an exception for "cases involving a constitutional issue," the more narrowly drawn restrictions of Article VIII, Section 9 are controlling.

Because defendant does not challenge the validity or constitutionality *of a statute,* the district court's decision is final. The purported appeal to this Court is therefore dismissed.