**CITY OF MONTICELLO, Plaintiff and Respondent,**

v.

**Lee CHRISTENSEN, Defendant and Appellant.**

No. 880343–CA.

Court of Appeals of Utah.

Feb. 23, 1989.

Lee Christensen, pro se.

Lyle R. Anderson, Monticello, for plaintiff and respondent.

Before BENCH, DAVIDSON and JACKSON, JJ.

PER CURIAM:

Defendant appeals his conviction of driving without a valid Utah license. The charge originated in the justice of the peace court where defendant was convicted. Upon his appeal to the circuit court he was again convicted. Defendant contends that he is a citizen of Wyoming and possesses a valid Wyoming driver's license. His Wyoming license was introduced as a

**854**

trial exhibit.[1] Therefore, he argues, he was not driving without a valid driver's license.

Plaintiff Monticello City filed a motion to summarily dismiss this appeal, asserting that under Utah Code Ann. § 77–35–26(13)(a) (1988), this court has no jurisdiction. We deferred ruling upon the jurisdictional issue until after the briefs were filed and the case was at issue in order that defendant have a full opportunity to present his case and because we had no record before us of the justice and circuit court proceedings. We now discuss the issue of our appellate court jurisdiction over appeals which originate in the justice of the peace courts and are reviewed by trial "anew" in the circuit courts.

▪ We are prevented from reaching the merits of defendant's appeal if we do not have jurisdiction over the case. *Thompson v. Jackson*, 743 P.2d 1230, 1232 (Utah Ct. App.1987) (the initial inquiry of a court is to determine its own jurisdiction). Under section 77–35–26(13)(a), we have jurisdiction over a criminal matter originating in a justice court *only* when the validity or constitutionality of an ordinance or statute has been raised *in the justice court.* We therefore examine the record to determine what issues were raised and argued in the justice court.

▪ We recognize that a justice of the peace court is not a court of record, Utah Code Ann. § 78–5–0.5 (1987), and a tape recording or transcript of the proceedings in justice court is not necessarily available. Section 77–35–26(13)(a) requires that the requisite constitutional challenge be initiated in the justice court. Without a reliable record of the proceedings there it is difficult to ascertain whether the proper issue was adequately raised and preserved for review. However, an appeal from the justice court affords defendant a trial "anew" in the circuit court, which is a court of record. Utah Code Ann. section 78–4–2 (1987). We presume that if the

challenge was properly and adequately raised in the circuit court, then it was also properly raised in the justice of the peace court. Conversely, if a specific challenge to the constitutionality or validity of a statute or ordinance was not raised in the circuit court, we assume that it was not previously made an issue in the justice court. Therefore, in order that the proper, specific constitutional or statutory challenge be preserved, that challenge must clearly have been raised in and presented to the circuit court.

▪ Upon review of the record filed herein, we find that defendant did file a written motion to dismiss the charge in the justice court. That motion was essentially renewed in the circuit court and was based upon his assertion that the city ordinance did not apply to him because he was not a Utah resident and possessed a Wyoming license. Even a liberal, generous reading of the motion cannot suggest that defendant challenged the validity or constitutionality of a city ordinance or a predicate state statute. If an argument against the validity or constitutionality of a statute was presented, it was presented orally and has not been preserved in the appellate record. Unfortunately, defendant has not provided this court with a transcript or tape of the trial proceedings in the circuit court. Generally, in the absence of a trial transcript, we presume that the evidence supports the judgment and that the trial judge's rulings were correct. *State v. Linden*, 761 P.2d 1386, 1388 (Utah 1988).

Defendant apparently does not understand the limits of our jurisdiction. Without jurisdiction we cannot review his conviction. For the purpose of satisfying jurisdictional prerequisites it is not enough to aver a general deprivation of constitutional rights. Defendant did not indicate any statute or ordinance he claimed to be unconstitutional or invalid. Section 77–35–26(13)(a) requires that a specific statute or ordinance be challenged.

1. There is nothing in the record to rebut the presumption from the valid Wyoming license that defendant was a Wyoming resident. However, as discussed herein, we do not reach the

issue argued by defendant on the merits because of our lack of jurisdiction. But, in so doing, we do not endorse the decisions of the trial court or the plaintiff's arguments on appeal.

An oblique reference on appeal to constitutional rights or the invalidity of defendant's conviction cannot satisfy the statutory requirement. Without specifying the statute challenged and the legal reasons why, a mere allegation of a violation of one's constitutional rights is insufficient to confer jurisdiction under Section 77–35–26(13)(a). At least as much, if not more, specificity and precision is required to challenge a specific statute or ordinance as would be required to preserve a pretrial objection to the admissibility of evidence, as both can be researched, studied and presented to the court in written form before trial. Such a challenge should be supported by precise averments and legal argument, and not just conclusory allegations. *State v. Lee*, 633 P.2d 48, 53 (Utah 1981), *cert. denied*, 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981). *Cf. State v. McCardell*, 652 P.2d 942, 947 (Utah 1982) (Objection on one ground at trial does not preserve an objection on other grounds on appeal.). And, as noted, that challenge must be made in the circuit court and not for the first time here.

Defendant's appeal is dismissed for lack of jurisdiction.

BENCH, DAVIDSON and JACKSON, JJ., concur.