**CITY OF MONTICELLO, Plaintiff and Respondent,**

v.

**Lee CHRISTENSEN, Defendant and Petitioner.**

No. 890163.

Supreme Court of Utah.

March 2, 1990.

Rehearing Denied March 22, 1990.

Lyle Anderson, Monticello, for plaintiff and respondent.

Lee Christensen, Evanston, Wyo., pro se.

ZIMMERMAN, Justice:

Defendant Lee Christensen, convicted in circuit court of operating a motor vehicle in Utah while his privilege to drive was suspended, claims error in the dismissal of his appeal to the Utah Court of Appeals. He argues, inter alia, that the court violated his constitutional right to an appeal, as guaranteed by article I, section 12 of the Utah Constitution, when it dismissed his appeal and that even if the court did not violate his constitutional rights, it nonetheless erred in dismissing his appeal because he properly preserved a constitutional issue, as required by section 77–35–26(13)(a) of the Code. We affirm.

Christensen, a Wyoming resident and a holder of a Wyoming driver's license, was involved in an automobile accident while driving in Utah in October of 1986. In February of 1987, the state of Utah suspended for one year Christensen's privilege to operate a motor vehicle in Utah. *See* Utah Code Ann. § 41–2–19 (1981) (amended 1987, 1988, & 1989; now codified at § 41–2–128 (Supp.1989)). The state took this action because Christensen failed to provide security for the damages he caused in the 1986 accident.

In September of 1987, Christensen was stopped by the police while driving within the city limits of Monticello, Utah. He was arrested and charged with two violations: (i) driving during suspension, and (ii) driving without insurance. *See* Utah Code Ann. § 41–2–28 (1981) (amended 1987 & 1989; now codified at § 41–2–136 (Supp. 1989));[1] Utah Code Ann. § 41–12a–302

---

1. At the time Christensen was arrested, Monticello had adopted by ordinance the Utah traffic laws in effect in 1985. Therefore, Christensen was actually charged with violating two Monti- cello ordinances. However, since the ordinances are identical to certain sections of the Utah Code, this opinion will refer to those sections. Section 41–2–28 provides:

(Supp.1986) (amended 1987). Christensen posted bond, and the matter was scheduled for a hearing before a justice of the peace, pursuant to section 78-5-4 of the Code. Utah Code Ann. § 78-5-4 (1987) (repealed 1989; now codified at § 78-5-114 (Supp. 1989)).[2]

In January of 1988, Christensen appeared before a justice of the peace and unsuccessfully argued that the "driving under suspension" charge against him should be dismissed. He was convicted of that charge, sentenced to thirty days in the county jail, and required to pay a $200 fine. The sentence was stayed, and Christensen appealed to the circuit court under Utah Rule of Criminal Procedure 26. That rule provides in part:

> (13) An appeal may be taken to the circuit court from a judgment rendered in the justice court in accordance with the provision of this rule, except:
>
> (a) the case shall be tried anew in the circuit court and the decision of the circuit court is final except where the validity or constitutionality of a statute or ordinance is raised in the justice court.

Utah R. Crim.P. 26(13)(a) (1987) (amended 1989; codified at § 77-35-26(13)(a) (Supp. 1989) (code provision, but not rule, repealed effective July 1, 1990)).[3] A trial de novo was held in the circuit court in March of 1988. Christensen was again convicted of driving under suspension and again fined $200 and sentenced to thirty days in jail.

Christensen next appealed to the Utah Court of Appeals, which dismissed the appeal, reasoning that under rule 26(13)(a), it had no jurisdiction to hear the matter because "the validity or constitutionality of a statute or ordinance [had not been] raised in the justice court." Utah R. Crim. P. 26(13)(a); *City of Monticello v. Christensen*, 769 P.2d 853, 854 (Utah Ct.App.1989). The court of appeals reached this conclusion after reviewing the documentary records from the justice court and from the circuit court. Neither of these evidenced a raising of a challenge to a statute's validity or constitutionality, although the court of appeals acknowledged that it could not determine with certainty what had occurred in these two courts because no transcript is kept in a justice court and Christensen had not provided a tape or transcript of the circuit court hearing although one was kept. 769 P.2d at 855.

Following the court of appeals' denial of his petition for a rehearing, Christensen sought certiorari from this Court. We granted the writ in order to consider the question of whether the appeal procedure prescribed in rule 26(13)(a) comports with

---

Any person whose operator's or chauffer's license has been suspended or revoked, as provided in this act, and who shall drive any motor vehicle upon the highways of this state while such license is suspended or revoked, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided in section 41-2-30.

Utah Code Ann. § 41-2-28 (1981) (amended 1987 & 1989; now codified at § 41-2-136 (Supp. 1989)). Section 41-2-1(o) defines "license" to be "the privilege to operate a motor vehicle over the highways of this state." Utah Code Ann. § 41-2-1 (1981) (amended 1987 & 1989; now codified at § 41-2-102(12) (Supp.1989)). Section 41-2-1(p) defines "license certificate" as "the evidence of the privilege to operate a motor vehicle over the highways of this state." Utah Code Ann. § 41-2-1(p) (1981) (amended 1987 & 1989; now codified at § 41-2-102(13) (Supp. 1989)).

2. Section 78-5-4 provides:

Justices' courts have concurrent jurisdiction of the following public offenses committed within the respective counties in which such courts are established:

(1) all class B and class C misdemeanors punishable by a fine no greater than the maximum fine for a class B or C misdemeanor under 76-3-301, or by imprisonment in the county jail or municipal prison not exceeding six months, or by both the fine and imprisonment; and

(2) all infractions and the punishments prescribed for them.

Utah Code Ann. § 78-5-4 (1987) (repealed 1989; now codified at § 78-5-114 (Supp.1989)).

3. Section 78-5-14 of the Code also authorizes persons to appeal justice court decisions to a circuit court. That section provides:

Any person dissatisfied with a judgment rendered in a justices' [sic] court, whether the same was rendered on default or after trial, is entitled to a trial de novo in the circuit court of the county as provided by law.

Utah Code Ann. § 78-5-14 (1987) (repealed 1989; now codified at § 78-5-120 (Supp.1989)).

the appeal guarantee of article I, section 12 of the Utah Constitution.

Article I, section 12 provides in part:

In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to be confronted by the witnesses against him, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, *and the right to appeal in all cases.*

Utah Const. art. I, § 12 (emphasis added).

Christensen claims that his right "to an appeal" was violated when the court of appeals refused to give his appeal the plenary consideration usually afforded any other appeal from the circuit or district court. Specifically, he argues that the guarantee of "an appeal" in article I, section 12 connotes an on-the-record review of the trial court's action, something that by definition cannot be provided via a trial de novo in the circuit court. Therefore, the only vehicle for vindication of his rights to an appeal is full review of the circuit court action by the court of appeals, and the limitation on the scope of the court of appeals' review imposed by rule 26(13)(a) is unconstitutional.

■ In considering Christensen's claim that rule 26(13)(a) is unconstitutional, we follow the settled rule that "legislative enactments are endowed with a strong presumption of validity and will not be declared unconstitutional unless there is no reasonable basis upon which they can be construed as conforming to constitutional requirements." *In re Criminal Investigation, 7th Dist. Ct.,* 754 P.2d 633, 640 (Utah 1988); *see also Blue Cross & Blue Shield v. State,* 779 P.2d 634, 637 (Utah 1989); *City of West Jordan v. Utah State Retirement Bd.,* 767 P.2d 530, 532 (Utah 1988). And we accord a lower court's statement of the law, statutory interpretation, or legal conclusion no particular deference, but review it for correctness. *See, e.g., State v.*

*Rio Vista Oil, Ltd.,* 127 Utah Adv.Rep. 4, 786 P.2d 1343 (Utah 1990); *State v. Mitchell,* 779 P.2d 1116, 1123 (Utah 1989); *Utah State Coalition of Senior Citizens v. Utah Power & Light Co.,* 776 P.2d 632, 634 (Utah 1989).

■ Article I, section 12 provides, "In criminal prosecutions the accused shall have the right ... to appeal in all cases." Utah Const. art. I, § 12. Rule 26(13)(a) labels an "appeal" a trial de novo in the circuit court, with only limited review of that decision by the court of appeals. The determination of whether rule 26(13)(a) is constitutional depends on what is meant by the word "appeal" in article I, section 12. We conclude that in Utah, at least, it is settled that the right to an "appeal" from a court not of record is satisfied by provision for a trial de novo in a court of record. The reasons for this conclusion are largely historical.

■ The guarantee in article I, section 12 providing a right of appeal has been in the constitution since statehood. From 1896 until 1984, it coexisted with a version of article VIII, section 9 of the Utah Constitution which provided in part:

Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; *and the decision of the District Courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute.*

Utah Const. art. VIII, § 9 (repealed 1984) (emphasis added). The right of appeal from a justice of the peace to the district court referred to in article VIII, section 9 was a trial de novo because justice courts have never been courts of record.

Statutes with language substantially similar to article VIII, section 9 have existed since statehood. For example, chapter 109, section 18 of the 1901 Laws of Utah provided in part:

From all final judgments of a city court ... an appeal may be taken by

either party in a civil case, or by the defendant in a criminal case, to the district court of the county in the manner and with like effect as is now, or may be provided by law for appeals from justices' courts in similar cases, and from all final judgments in the district courts rendered upon such appeals, an appeal may be taken to the supreme court in like manner as if said actions were originally commenced in the district court ... *and provided further, that in all cases involving the validity or constitutionality of the statute, there shall be a right of appeal to the supreme court.*

1901 Utah Laws ch. 109, § 18 (emphasis added).[4]

In decisions from statehood until 1983, this Court repeatedly held that a person dissatisfied with a justice court decision could appeal that decision to a district court and that the district court decision was final unless the validity or constitutionality of a statute was at issue, not on appeal, but in the lower court. *See, e.g., State v. Van Gervan,* 657 P.2d 1377 (Utah 1983); *State v. Munger,* 642 P.2d 721 (Utah 1982); *Vernal City v. Critton,* 565 P.2d 408 (Utah 1977); *State v. Lyte,* 75 Utah 283, 284 P. 1006 (1930); *Eureka City v. Wilson,* 15 Utah 53, 48 P. 41 (1897), *aff'd,* 173 U.S. 32, 19 S.Ct. 317, 43 L.Ed. 603 (1899); *see also State v. Taylor,* 664 P.2d 439 (Utah 1983). In *State v. Lyte,* 75 Utah at 287, 284 P. at 1007, this Court explicitly rejected a challenge based on article I, section 12 to a statute worded very similarly to rule 26(13)(a). That statute restricted Supreme Court review of these de novo trials in district court to situations involving a challenge to a statute's validity or constitutionality.[5] We held that the statute was constitutional as the restriction complained of

was in fact found in the Constitution itself. The validity of *Lyte* has never been questioned.

■ Before the 1984 amendments to article VIII, then, the "appeal" right in article I, section 12, in the context of review of justice court decisions, was satisfied by a one-judge trial de novo procedure unless the validity or constitutionality of a statute was raised before the justice court. Neither a review on the record nor a review by a multijudge panel was a constitutionally necessary part of the appeals process from justice court decisions. Therefore, for us to find that the procedure in use since statehood and now embodied in rule 26 is now unconstitutional, we would have to conclude that the 1984 amendments to article VIII require that all appeals from courts of record, including the circuit court, entitle the appellant to a plenary review on the record.

The amendments in 1984 substantially altered article VIII. In particular, old section 9 was repealed and is no longer pertinent. Much of its substance is now found in article VIII, section 5, which provides:

The district court shall have original jurisdiction in all matters except as limited by this constitution or by statute, and power to issue all extraordinary writs. The district court shall have appellate jurisdiction as provided by statute. *The jurisdiction of all other courts, both original and appellate, shall be provided by statute.* Except for matters filed originally with the Supreme Court, there shall be in all cases an appeal of right from the court of original jurisdiction to a court with appellate jurisdiction over the cause.

Utah Const. art. VIII, § 5 (emphasis added). The specific language in the pre-1984

---

**4.** The city courts were created in 1901 Utah Laws chapter 109 and were part of a statutory scheme that included both city courts and justice courts. In 1977, when the circuit court system was adopted by the legislature, all city courts were eliminated. *See* 1901 Utah Laws ch. 109, § 1; 1977 Utah Laws ch. 77.

**5.** Section 1668 of Utah Compiled Laws (1917) provided:

Appeals shall lie from the final judgments of justices of the peace, in civil and criminal cases, to the district courts, on both questions of law and fact, with such limitations and restrictions as are or may be provided by law; and the decision of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute.

Utah Compiled Laws tit. 21, ch. 3, § 1668 (1917); *see also* 1919 Utah Laws ch. 34, § 1717.

article VIII, section 9 that permitted appeals from justice courts to district courts and described restrictions on any further appeal is missing from the new article VIII. Was the elimination of this language by the 1984 amendment intended to abrogate the single-judge de novo "appeal" of justice court decisions? We find no indication of such an intention.

■ Article VIII, section 5 clearly provides that "the district court shall have appellate jurisdiction as provided by statute" and that "the jurisdiction of all other courts, both original and appellate, shall be provided by statute." This language is plain and unambiguous. It acknowledges that the district court may be given appellate jurisdiction, which it has had since statehood with respect to justice court appeals, and it also gives the legislature the authority to bestow original and appellate jurisdiction on other courts. This simply recognizes the well-settled principle that it is within the legislature's prerogative to define a court's appellate jurisdiction over decisions from any lower court so long as such jurisdiction is not expressly prohibited by the state constitution. *See, e.g., State v. Taylor,* 664 P.2d 439, 441 (Utah 1983). And as *Lyte* held, there is nothing in article I, section 12 that precludes the legislature from establishing a trial de novo in another court as an "appeal."

Looking beyond the plain language of article VIII, section 5, we find nothing in the legislative history of the 1984 amendments to article VIII that indicates an intention to prohibit single-judge de novo "review" of justice court decisions or to require a plenary, on-the-record review of that de novo proceeding. In fact, the reports prepared for the legislature by the Constitutional Revision Commission ("CRC"), which held hearings on the need for a judicial article amendment and had drafted the specific language of new article VIII, section 5, never mention this possibility. Instead, they reflect an intention on the CRC's part that the legislature have the flexibility to determine the jurisdiction of most of the state's courts. For example, in discussing the proposed language for article VIII, section 5, which indicates that the original and appellate jurisdictions of all courts other than district courts should be provided by statute, the 1982 CRC report stated:

> The provisions mandating a right of appeal directly to the district court from justices [sic] of the peace courts is [sic] deleted from the new language, thereby providing the legislature the flexibility to establish an orderly hierarchy of appeals which could further reduce duplication and provide more efficient adjudication of cases.

Office of Legislative Research, *Report of the Constitutional Revision Commission* 23 (January 1982). In discussing the same section in the 1983 report, the CRC stated: "The jurisdiction of ... courts [other than the district courts] is to be established by statute." Office of Legislative Research, *Report of the Constitutional Revision Commission* 28 (January 1984). The CRC thought that the authority to establish the jurisdiction of most state courts properly lies with the legislature.

If the 1984 amendments were intended to prohibit the then-existing appeal procedure for justice courts, it is more than strange that neither the CRC nor anyone in the legislature thought it necessary to observe that passage of the amendments would void rule 26(13)(a) or that new legislation would be needed immediately to provide for justice court appeals. In fact, the then-existing statutory provisions dealing with justice court appeals remained unchanged until 1986, when they were amended to shift justice court appeals from the district court to the circuit court as part of a general reshuffling of jurisdiction that accompanied the creation of the court of appeals. *See* Utah Code Ann. § 78-4-7.5 (1987) (amended 1988 & 1989). However, the limitations on further review of the judgment involved in the de novo proceeding remained unchanged from its 1896 formulation. *Compare* Utah Code Ann. § 77-35-26(k)(1) (Supp.1986) *with* Utah Code Ann. § 77-35-26(13)(a) (Supp.1987).

■ Because nothing in the plain language of the amended article VIII, section

5 or in its history suggests an intent to require review on the record for a trial de novo where justice court appeals are concerned, we conclude that rule 26(13)(a) satisfies article I, section 12 and article VIII, section 5.

The next question is whether the court of appeals correctly concluded that Christensen failed to properly raise the issue of the invalidity or unconstitutionality of the ordinance under which he was charged. As mentioned earlier, Christensen provided no transcript of the circuit court proceeding to the court of appeals. Therefore, the appeals court reviewed the pleadings filed in justice court and circuit court and concluded that he had not raised any such issue. We see no reason to disturb that conclusion.

The court of appeals' decision dismissing Christensen's appeal for lack of jurisdiction is affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART, J., concur.

DURHAM, Justice (dissenting):

I dissent. Article I, section 12 of the Utah Constitution provides that "[i]n criminal prosecutions the accused shall have the right to ... appeal in all cases." The question before this Court is whether a new trial constitutes an "appeal" within the meaning of that constitutional provision. I grant everything that the majority opinion has said about the history of the constitutional language and the statutory definitions of jurisdiction. I point out, however, that this Court is both the ultimate source of content for the meaning of constitutional language and the promulgating agency for rule 26(13)(a).[1] That being the case, I see no reason for us to maintain a semantically and conceptually illogical and confusing

premise merely because it has its roots in history. The majority is correct in saying that "in Utah ... it is settled that the right to an 'appeal' from a court not of record is satisfied by provision for a trial de novo in a court of record." That is true, however, only because of peculiar constitutional language that has now been removed from the judicial article, i.e., the former constitutional provision calling trials de novo "appeals."[2] Now that the anomalous language has been removed from the constitution, it should no longer be "settled" as a matter of constitutional law that the requirement of appellate review may be satisfied by a new trial in a court of limited, or even general, jurisdiction. I would conclude that the 1984 amendments to article VIII do indeed require that a defendant be entitled in every case to one plenary review on the record.

I have no quarrel with the notion that the Legislature may bestow both original and appellate jurisdiction on any court. I do contest the implicit assertion of the majority, however, that the Legislature, rather than this Court, may decide what is adequate to constitute an "appeal" within the meaning of article VIII of the constitution. I also maintain that contemporary understanding of the concept of criminal appeals mandates *at least* review of convictions upon a record by a superior tribunal for purposes of detecting procedural and evidentiary errors, as well as constitutional ones. The principle that the Legislature might have the power, for example, to grant new trials in felony criminal cases in satisfaction of the right-to-appeal provisions of our constitution is disturbing and anomalous and would not, I suspect, be upheld by the majority. Yet the majority's

---

1. This Court, in "In re Rules of Procedure and Evidence to be used in the Courts of this State," filed January 13, 1989, provided per curiam:
   Pursuant to the provisions of article VIII, section 4 of the Constitution of Utah, as amended, and rule 11–101(3)(E) of the Code of Judicial Administration, the Court adopts all existing statutory rules of procedure and evidence contained in Utah Code Ann. §§ 77–35–1 to –33 (1982 & Supp.1988) not inconsist-

ent with or superseded by rules of procedure and evidence heretofore adopted by this Court, with the exception of section 77–35–12(g) (*see State v. Mendoza,* 748 P.2d 181 (Utah 1987) and section 77–35–21.5(4)(c) and (d)) (*see State v. Copeland,* [765 P.2d 1266 (Utah 1988) ] ). Effective as of January 1, 1989.

2. See old article VIII, section 9.

logic must embrace that result.[3] I submit, rather, that the following doctrine regarding the definition of an "appeal" should be accepted as being constitutionally required by this Court in all criminal cases:

> The standard rule is that appellate jurisdiction is the authority to review the actions or judgments of an inferior tribunal upon the record made in that tribunal, and to affirm, modify or reverse such action or judgment.

*Peatross v. Board of Comm'rs of Salt Lake County,* 555 P.2d 281, 284 (Utah 1976).

---

**3.** This result would of course not have been possible under old section 9 because there the constitution itself limited new trials as "appeals" to justice court proceedings, which did not include felony criminal cases. There is now no such constitutional limitation, and the majority opinion offers no way of distinguishing so-called appeals at any level.