**STATE of Utah, Plaintiff and Respondent,**

v.

**Mark MATUS, Defendant and Appellant,**

**No. 890413–CA.**

Court of Appeals of Utah.

March 20, 1990.

Loni F. DeLand (argued), McRae & DeLand, Salt Lake City, for defendant and appellant.

Donald J. Eyre (argued), Juab County Atty., Nephi, for plaintiff and respondent.

Before Judges GREENWOOD, JACKSON, and ORME.

OPINION

JACKSON, Judge:

In June 1988, defendant Mark Matus was convicted in justice court of driving under the influence, a class B misdemeanor, in violation of Utah Code Ann. § 41–6–44(1) (1988). Matus appealed the justice court judgment to the circuit court and obtained a trial de novo there. *See* Utah R.Crim.P. 26(13)(a) (codified at Utah Code Ann. § 77–35–26(13)(a) (Supp.1989), which has been repealed, effective July 1, 1990); Utah Code Ann. § 78–5–14 (1987) (repealed effective July 1, 1989; now codified at Utah Code Ann. § 78–5–120 (Supp.1989)). After a November 1988 bench trial in circuit court, Matus was convicted of driving under the influence. The judgment and conviction were entered on May 22, 1989. He thereafter filed a notice of appeal in this court, preliminarily contending that Rule 26(13)(a) of the Utah Rules of Criminal Procedure violates the state constitutional guarantee of the right to appeal insofar as it precludes any appeal from the circuit court's judgment in a trial de novo "except when the validity or constitutionality of a

statute or ordinance is raised in the justice court."

The Utah Supreme Court recently decided this issue adversely to Matus in *City of Monticello v. Christensen*, 788 P.2d 513 (1990), which affirmed the decision of this court in *City of Monticello v. Christensen*, 769 P.2d 853 (Utah Ct.App.1989). The supreme court held that the "right to appeal" guaranteed in article I, section 12 of the Utah Constitution is satisfied by the granting of an appeal from justice court in the form of a trial de novo in circuit court. *City of Monticello v. Christensen*, 788 P.2d at 516. Furthermore, once a justice court judgment is appealed to circuit court, article I, section 12 and article VIII, section 5 of the state constitution do not entitle a disgruntled party to plenary review on the record of the circuit court's judgment in the de novo proceeding. *See id.* at 788 P.2d at 517. Therefore, the supreme court concluded, Rule 26(13)(a) satisfies article I, section 12 and article VIII, section 5 of the Utah Constitution. *Id.* at 788 P.2d at 518. Because Christensen had not raised in the justice court the issue of the validity or constitutionality of the ordinance under which he was charged, this court's dismissal of his appeal from the circuit court judgment for lack of jurisdiction was proper. *Id.; see City of Monticello v. Christensen*, 769 P.2d at 854.

In this case, Matus unsuccessfully contended in the circuit court that failure to grant his motion to amend the information filed against him by deleting the disjunctive charge that he had driven while "under the influence of alcohol" contrary to section 41–6–44 would unconstitutionally subject him to double jeopardy. He also unsuccessfully challenged the admission of his breath test results, based on his argument that there was insufficient evidence to show that the intoxilyzer operator was certified at the time he administered the test, as required by the public safety standards section 41–6–44.3 mandates. The circuit court's rulings against Matus on both points are the reversible errors asserted in his appeal to this court.

Even if we assume that either or both of these issues were raised in the justice court because they were raised in the circuit court, *see City of Monticello v. Christensen*, 769 P.2d at 854, it is apparent that neither involves the validity or constitutionality of an ordinance or statute. Accordingly, this court lacks jurisdiction over Matus's case, and we are precluded from reaching the merits of the issues raised. *See id.;* Utah R.Crim.P. 26(13)(a); Utah Code Ann. § 77–35–26(13)(a) (Supp.1989). The appeal is, therefore, dismissed.

GREENWOOD and ORME, JJ., concur.