CITY OF KANAB, Plaintiff and Appellee,

v.

David C. GUSKEY, Defendant and Appellant.

Nos. 960664–CA, 961664–CA.

Court of Appeals of Utah.

Feb. 20, 1998.

Order Denying Petition for Rehearing July 23, 1998.

Douglas D. Terry, Gary W. Pendleton, St. George, for Defendant and Appellant in No. 961664–CA.

Gary W. Pendleton, St. George, for Defendant and Appellant in No. 960664–CA.

Van Mackelprang, Kanab City Atty., Kanab, for Plaintiff and Appellee.

Joan C. Watt, Salt Lake Legal Defender Ass'n, Salt Lake City, Amicus Curiae for Defendant and Apppellant in No. 961664–CA.

Jan Graham, Atty. Gen., Norman E. Plate, Asst. Atty. Gen., Salt Lake City, Amicus Curiae for Appellee in No. 961664–CA.

Before BILLINGS, GREENWOOD and ORME, JJ.

OPINION

GREENWOOD, Judge:

Appellant, David C. Guskey, appeals the trial court's denial of his motion to suppress. We dismiss the appeal for lack of jurisdiction.

Guskey was charged with and convicted of driving under the influence of alcohol in the Kanab City Justice Court in violation of Utah Code Ann. § 41–6–44 (Supp.1994) and Kanab City Revised Ordinances § 11–321 (1978). He then filed a notice of appeal and the case was heard de novo in the Sixth District Court. In both courts, Guskey filed motions to suppress evidence, claiming Officer Jared

Hammon of the Kanab City Police had unconstitutionally stopped him. Both courts denied the motion and the district court again found Guskey guilty of driving under the influence of alcohol. Guskey then appealed to this court.

Only after briefing and submission of the case and review of the record on appeal did this court learn that the case had originated in the justice court and had been appealed and considered de novo in the district court.

Rule 26(12)(a) of the Utah Rules of Criminal Procedure states:

An appeal may be taken to the district court from a judgment rendered in the justice court under this rule, except:

(a) the case shall be tried anew in the district court. The decision of the district court is final, except when the validity or constitutionality of a statute or ordinance is raised in the justice court.[1]

In *City of Monticello v. Christensen*, this court stated that "in order that the proper, specific constitutional or statutory challenge be preserved, that challenge must clearly have been raised in and presented to the circuit [now district] court." 769 P.2d 853, 854 (Utah Ct.App.1989) (per curiam). In addition, since the rule requires that a specific statute or ordinance be challenged on constitutional grounds, an "oblique reference on appeal to constitutional rights or the invalidity of defendant's conviction cannot satisfy the statutory requirement.... A mere allegation of a violation of one's constitutional rights is insufficient to confer jurisdiction." *Id.* at 855.

The Utah Supreme Court affirmed this court's *Christensen* opinion on certiorari. *See* 788 P.2d 513 (Utah 1990) (*Christensen II*) *cert. denied,* 498 U.S. 841, 111 S.Ct. 120, 112 L.Ed.2d 89 (1990). In *Christensen II,* the supreme court also held that Rule 26 does not violate the state constitutional guarantee of the right to appeal, concluding that the ability to appeal from justice court decisions through a trial de novo in circuit court

satisfies the state constitution. *See id.* at 518–19.

Subsequently, in a case similar to the one before us, this court dismissed an appeal on jurisdictional grounds where the defendant had been convicted in justice court of driving under the influence and then received a trial de novo in the circuit court. *State v. Matus,* 789 P.2d 304 (Utah Ct.App.1990). On appeal to this court, the defendant claimed jurisdiction existed because he had claimed a violation of double jeopardy. *Id.* at 305. This court held that "[e]ven if we assume that [this] issue[ ][was] raised in the justice court because [it was] raised in the circuit court," it nevertheless did not "involve[ ] the validity or constitutionality of an ordinance or statute," and therefore jurisdiction was absent. *Id.*

▬▬▬▬ In this case, Guskey did not challenge the constitutionality of a statute or ordinance in the district court, nor, so far as we can determine, in the justice court. His claim on appeal to this court, similarly, does not involve the constitutionality of an ordinance or statute. We therefore have no jurisdiction in this matter. Because "[w]hen a matter is outside the court's jurisdiction [we] retain[ ] only the authority to dismiss the action," *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989), we have no alternative but to dismiss this appeal for lack of jurisdiction.

BILLINGS and ORME, JJ., concur.

## OPINION ON PETITION FOR REHEARING

This matter is before the court on appellant David C. Guskey's Petition for Rehearing, filed subsequent to issuance of our opinion in this case. *See City of Kanab v. Guskey,* 337 Utah Adv. Rep. 3, 965 P.2d at 1065 (Utah Ct.App.1998). We dismissed Guskey's appeal on the basis that the case had originated in a justice court, been appealed to and heard de novo in district court, and further appeal was barred by Rule 26(12)(a) of the Utah Rules of Criminal Procedure [1] because the validity or con-

---

**1.** This rule is now codified at Utah Code Ann. § 78–5–120 (Supp.1997).

**1.** Rule 26(12) then provided:

stitutionality of a statute or ordinance was not raised in the justice court proceedings. *See id.* at 3, 965 P.2d at 1066.

In his Petition for Rehearing, Guskey argues that at the time he filed his notice of appeal there was no statutory limitation on his ability to appeal to this court and that a subsequently enacted statute could not retroactively divest us of such jurisdiction. Because of the significance of the issue raised in Guskey's petition, this court invited both the Salt Lake Legal Defender Association (LDA) and the State of Utah, through the Criminal Appeals Division of the Attorney General's Office, to file amicus curiae memoranda addressing the issue. Both offices did so and we appreciate their able assistance.

### HISTORIC BACKGROUND

Utah's history of permissible appeals from justice court judgments is convoluted. Until 1984, the Utah Constitution addressed the subject, most recently in article VIII, section 9, which provided in part:

> Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the District Courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute.

Utah Const. art. VIII, § 9 (repealed 1984).

The Utah Legislature, in 1980, enacted rules of criminal procedure, codified at Utah Code Ann. §§ 77–35–1 to –33. These rules included the following:

> (k) An appeal may be taken to the district court from a judgment rendered in the justice court in accordance with the provision of this rule, except as follows:
>
> (1) The case shall be tried anew in the district court and the decision of the district court shall be final except in cases where the validity or constitutionality of a

statute or ordinance is raised in the justice court.

Utah Code Ann. § 77–35–26 (1982).

In 1984, at the same time that article VIII, section 9 of the Utah Constitution was repealed, the constitution was amended to give the supreme court rule-making powers. *See* Utah Const. art. VIII, § 4. In addition, in 1986 the Utah Court of Appeals was created and statutory provisions were enacted shifting justice court appeals from the district courts to the circuit courts. *See* Utah Code Ann. § 78–4–7.5 (1987) (amended 1988 & 1989); *City of Monticello v. Christensen*, 788 P.2d 513, 518 (Utah), *cert. denied*, 498 U.S. 841, 111 S.Ct. 120, 112 L.Ed.2d 89 (1990).

Effective January 1989, the Utah Supreme Court adopted rules of criminal procedure that mirrored the provisions of Utah Code Ann. §§ 77–35–1 to –33, including section 26, then designated as Rule 26 of the Utah Rules of Criminal Procedure. In 1996, the rule was amended to reflect the elimination of the circuit courts and now provides, in pertinent part:

> (12) An appeal may be taken to the district court from a judgment rendered in the justice court under this rule, except:
>
> (a) the case shall be tried anew in the district court. The decision of the district court is final, except when the validity or constitutionality of a statute or ordinance is raised in the justice court....

Utah R.Crim. P. 26.

Effective July 1, 1990, the Legislature repealed Utah Code Ann. §§ 77–35–1 to –35. Not until 1997 was there any statutory provision limiting appeals from justice courts after appeal de novo to a district court. Section 78–5–120, which addressed appeals from justice court judgments, merely provided that persons could appeal such judgments to the district court for trial de novo. In 1997, section 78–5–120 was amended to be consistent with Rule 26 and provides as follows:

> Any person not satisfied with a judgment rendered in a justice court, whether

An appeal may be taken to the district court from a judgment rendered in the justice court under this rule, except:

(a) the case shall be tried anew in the district court. The decision of the district court is

final, except when the validity or constitutionality of a statute or ordinance is raised in the justice court.
Utah R.Crim. P. 26(12).

rendered by default or after trial, is entitled to a trial de novo in the district court of the county as provided by law. The judgment after trial de novo may not be appealed unless the court rules on the constitutionality of a statute or ordinance.

Utah Code Ann. § 78–5–120 (1997).[2]

Thus, during the time period from July 1, 1990 to July 1, 1997, only Rule 26 limited appeals to this court of judgments originating in justice courts to those where the constitutionality of a statute or ordinance had been raised before the justice court. There were no constitutional or statutory provisions so providing. Guskey was charged and convicted in both a justice court and a district court, and he appealed to this court during that time period.

At the time the appeal was filed, this court had original appellate jurisdiction over "appeals from a court of record in criminal cases, except those involving a conviction of a first degree or capital felony." Utah Code Ann. § 78–2a–3(2)(e) (1996). We therefore had jurisdiction over appeals from district court misdemeanor convictions. Provisions in the Utah Constitution in effect both at the time of the appeal and now, are found in Article VIII. Court jurisdiction is addressed in section 5, as follows:

> The district court shall have original jurisdiction in all matters except as limited by this constitution or by statute, and power to issue all extraordinary writs. The district court shall have appellate jurisdiction as provided by statute. *The jurisdiction of all other courts, both original and appellate, shall be provided by statute.* Except for matters filed originally with the Supreme Court, there shall be in all cases an appeal of right from the court of original jurisdiction to a court with appellate jurisdiction over the cause.

Utah Const. art. VIII, § 5 (emphasis added).

Section 4 of article VIII addresses the rule-making authority of the Utah Supreme Court, and states, in pertinent part: "The Supreme Court shall adopt rules of procedure and evidence to be used in the courts of the state and shall by rule manage the appellate process." *Id.* § 4.

## ANALYSIS

Guskey and LDA argue that article VIII, section 5 requires that appellate court jurisdiction be established by statute and that such jurisdiction cannot be altered by rule of the supreme court. Therefore, they contend, Rule 26 was ineffective in its attempt to limit this court's jurisdiction over appeals from district court criminal decisions which had their genesis in a justice court.

In *City of Monticello v. Christensen,* 788 P.2d 513 (Utah) (*Christensen II*), *cert. denied,* 498 U.S. 841, 111 S.Ct. 120, 112 L.Ed.2d 89 (1990), the Utah Supreme Court held that the trial de novo to district court from judgments of a justice court satisfies the Utah Constitution's guarantee of an appeal in criminal cases. *See id.* at 518–19. The court also cited a number of cases in which it has "repeatedly held that a person dissatisfied with a justice court decision could appeal that decision to a district court and that the district court decision was final unless the validity or constitutionality of a statute was at issue, not on appeal, but in the lower court." *Id.* at 517. The court thereby recognized that historically, Utah appellate courts have never had jurisdiction to hear appeals of district court decisions after a de novo trial on appeal from an unfavorable justice court judgment, absent the raising of a constitutional challenge in the justice court. *See id.* & n. 5. In *Christensen II,* the court referred interchangeably to Rule 26 and to the statute which it had replaced. *See id.* at 517–19. The court characterized Rule 26 as a "limitation on the scope of the court of appeals' review." *Id.* at 516. We think that characterization largely resolves the question before us.

Rule 26 is similar in character to other rules promulgated by the Utah Supreme Court under its supervisory authority described in article VIII, section 4 of the Utah Constitution—the power to "adopt rules of procedure and evidence" and "by rule manage the appellate process." The Utah Rules

---

**2.** We note that section 78–5–120 and the current version of Rule 26 are not identical.

of Appellate Procedure foreclose appellate review in instances where, for example, there is no final order or the notice of appeal is not timely filed. *See* Utah R.App. P. 3 & 4. Case law applying these rules typically speaks of the appellate court's jurisdiction, despite the fact that statutorily conferred jurisdiction is not involved. *See, e.g., A.J. Mackay v. Okland Constr. Co.,* 817 P.2d 323, 325 (Utah 1991) (holding parties cannot acquiesce to give court jurisdiction from nonfinal order under Rule 3); *Nelson v. Stoker,* 669 P.2d 390, 392 (Utah 1983) (noting "[t]imely notice of appeal is jurisdictional."); *In re Estate of Ratliff,* 19 Utah 2d 346, 431 P.2d 571, 573 (1967) (holding court lacks jurisdiction over appeal where notice of appeal is untimely); *Taylor v. Hansen,* 958 P.2d 923, 931 (Utah Ct.App.1998) (holding court had jurisdiction to consider appeal where attorney fee issue was unresolved in trial court); *State v. Vessey,* 957 P.2d 1239, 1240 (Utah Ct.App.1998) (per curiam) ("Because the notice of appeal was timely, this court has jurisdiction over the appeal."); *DeBry v. Fidelity Nat'l Ins. Co.,* 828 P.2d 520, 523–24 (Utah Ct.App.1992) (holding court lacks jurisdiction where party fails to file timely notice of appeal after order entered on post-judgment motion). Similarly, supreme court-approved rules of civil procedure require proper service of process in order to confer jurisdiction. *See* Utah R. Civ. P. 3 & 4 (addressing service of summons).

■ It appears to us that we retain our statutory jurisdiction over appeals from the district courts, and did so during the 1990–97 "gap," but that our appellate review is and has continuously been limited and regulated by rules of the supreme court. These limitations and regulations may be couched as based on either procedural or jurisdictional grounds, but nevertheless, require our adherence. Under this rationale, Rule 26 does not offend article VIII, section 5, but is permitted under the authority of article VIII, section 4.

This result is likewise consistent with legislative history. The Utah Legislature re-pealed its provisions addressing court criminal procedures after, and presumably, as a result of, the supreme court adopting identical provisions pursuant to the 1985 constitutional amendment giving the supreme court rule-making powers. There is nothing in the series of constitutional and statutory provisions indicating any intention by the Legislature to change the procedure in place since statehood that limits the scope of appeals from justice courts.[3]

■ We therefore hold that Rule 26 of the Utah Rules of Criminal Procedure, as in effect from July 1990 to July 1997, limited this court's appellate review of criminal cases originating in the justice courts to those in which a constitutional challenge to a statute or ordinance was raised in the justice court. Accordingly, we deny Guskey's Petition for Rehearing.

BILLINGS and ORME, JJ., concur.

---

**3.** Seen against this background, the 1997 amendment to section 78–5–120 is merely the reaffirmation of a long-standing rule—a clarification— and not the intentional reversal of a seven-year aberration.