2011 UT App 247

**OGDEN CITY, Plaintiff and Appellee,**

v.

**Isaac Joseph RADER, Defendant and Appellant.**

**No. 20110400–CA.**

Court of Appeals of Utah.

July 29, 2011.

Michael P. Studebaker, Ogden, for Appellant.

Michael S. Junk, Ogden, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

## DECISION

PER CURIAM:

■ ¶ 1 When a case originates in a justice court, a defendant may appeal the judgment and conviction from the justice court and obtain a trial de novo in the district court. *See* Utah Code Ann. § 78A–7–118(1) (Supp. 2010) (providing that a defendant is entitled to a trial de novo in district court if the defendant files a notice of appeal within thirty days after sentencing by the justice court). Utah Code section 78A–7–118(8) provides, "The decision of the district court [following a trial de novo] is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." *Id.* § 78A–7–118(8). By enacting section 78A–7–118(8), "the Utah Legislature ... specifically and intentionally limited the issues that may be appealed from a district court's judgment." *State v. Hinson,* 966 P.2d 273, 276 (Utah Ct.App.1998). Accordingly, "absent an issue regarding the constitutionality of a statute or ordinance, the decision of the district court is final and this court has no jurisdiction to hear an appeal thereof." *Id.* at 277–78. Our "appellate jurisdiction is limited to only those issues attacking the validity or constitutionality of an ordinance or statute." *Id.* at 277. Since July 1, 1997, appeals allowed in cases originating in justice court have been limited to those cases where the district court "rules on the constitutionality of a statute or ordinance." *See Kanab v. Guskey,* 965 P.2d 1065, 1067–1068 (Utah Ct.App.1998); *see also Saratoga Springs v. Wayman,* 2011 UT App 22, ¶ 4, 246 P.3d 1222 (per curiam) (dismissing appeal in which the district court did not rule on the constitutionality of a statute or ordinance during de novo proceedings).

■ ¶ 2 There is no indication in the district court record that the district court ruled upon a challenge to the constitutionality of a statute or ordinance. Citing case law construing pre–1997 language of the predecessor of Utah Code section 78A–7–118(8), Isaac Joseph Rader contends that it is sufficient that he raised a constitutional issue in the de novo proceedings in district court. However, the statutory language in effect since July 1, 1997, and at all times relevant to this appeal, limits our jurisdiction to cases where the district court has actually ruled on the constitutionality of a statute or ordinance. Rader contends that he "challenged the constitutionality of the law he was convicted of violating" and that the district court in this case had "ample opportunity to rule on the constitutionality of the law he was being prosecuted for violating," but he concedes that the district court did not rule on the constitutionality of a statute or ordinance.

¶ 3 Furthermore, Ogden City correctly states that Rader challenged only the constitutionality of the order enjoining a public nuisance that he was convicted of violating, but he did not challenge the constitutionality of the statute under which he was charged. In the separate civil case of *Weber County v. Ogden Trece,* case number 100906446, which is, or was, pending in the Second District Court at all times relevant to this case, the district court entered an Order Granting Preliminary Injunction enjoining a public nuisance and directed to members of Ogden Trece, an alleged criminal street gang. In the case underlying this appeal, Rader was arrested, charged, and convicted in the Ogden City Justice Court, and later in the Second District Court after a trial de novo, of violating an order enjoining a public nuisance, a class B misdemeanor. In his appeal to the district court from the justice court conviction, Rader challenged the preliminary injunction on constitutional grounds, but he did not challenge the constitutionality of any statute or ordinance. The portions of the district court record and transcript relied upon by Rader in his response to our sua sponte motion demonstrates that he did not challenge any statute or ordinance and that the district court did not rule on the constitutionality of any statute or ordinance. The district court stated,

> [O]n the motion to dismiss where it asks this Court to strike down the preliminary injunction, that to me is squarely asking me to review Judge Jones' order, which I again do not believe I can do. I don't think I can review the order. I think I

could review an ordinance, but I don't think I can review an equal Court's order, so I'm declining to do so and would deny that motion [to dismiss] for those reasons.

¶ 4 Because our jurisdiction is limited by section 78A–7–118(8) to those cases where the district court "rules on the constitutionality of a statute or ordinance," we lack jurisdiction to consider this appeal. Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989). Accordingly, we dismiss this appeal for lack of jurisdiction.