STATE of Utah, Plaintiff and Appellant,

v.

Cynthia HINSON and David Hinson,
Defendants and Appellees.

No. 971638–CA.

Court of Appeals of Utah.

Sept. 24, 1998.

Dennis L. Judd and Rachelle L. Palmer, Daggett County Atty's, Vernal, for Appellant.

D. Bruce Oliver, D. Bruce Oliver, P.C., Salt Lake City, for Appellees.

Before DAVIS, P.J., and BILLINGS and JACKSON, JJ.

## OPINION

DAVIS, Presiding Judge:

The State appeals the trial court's order and judgment granting defendants a trial de novo as a result of their appeal from the justice court and dismissing the case because of the State's failure to provide discovery in a timely manner. We affirm.

## FACTS

On August 31, 1996, the State filed an information in the justice court of the Dutch John Precinct charging defendants with the unlawful possession of both a controlled substance and drug paraphernalia. *See* Utah Code Ann. §§ 58–37–8(2)(a)(i) (1996) (amended 1997) & 58–37a–5(1) (1996). Defendant Cynthia Hinson was also charged with open container in a motor vehicle, in violation of section 41–6–44.20 of the Utah Code. *See* Utah Code Ann. § 41–6–44.20 (1993) (amended 1996). On September 25, 1996, both defendants pleaded guilty as charged and were sentenced in the justice court.

Defendants subsequently retained counsel and on October 18, 1996, filed a notice of appeal. *See* Utah Code Ann. § 78–5–120 (Supp.1997); Utah R.Crim. P. 26(12)(a). In response, the State filed a Memorandum in Opposition to Defendant's Appeal in the justice court, arguing that because defendants knowingly and voluntarily pleaded guilty in the justice court, they necessarily waived any

right to a trial de novo in the district court. The State characterized defendants' appeal to the district court as effectively "a withdrawal of [defendants'] guilty plea which is only allowed upon a showing of good cause." Thus, the State requested that the justice court deny defendants' "appeal of guilty plea and sentence" and affirm their sentence.[1]

Defendants entered a plea of not guilty and a demand for a jury trial in the district court on March 27, 1997. A request for discovery was also made on this date. A pretrial hearing was held on June 6, 1997. At this hearing, the district court ruled that the defendants were entitled to a trial de novo despite the fact that they voluntarily entered guilty pleas in the justice court. Based on the State's failure to provide discovery pursuant to the March 27 request, the district court, upon defendants' oral motion, dismissed the case. An Order and Judgment reflecting the district court's rulings was entered on August 29, 1997. The State appeals.

## ISSUES

There are several issues before us on appeal. The first is whether a defendant who initially pleaded guilty in justice court may appeal to the district court pursuant to section 78–5–120 of the Utah Code and Rule 26(12)(a) of the Utah Rules of Criminal Procedure. If so, we must then address whether this court has jurisdiction to review the district court's dismissal of the case. If we answer this question in the affirmative, then the last issue is whether the district court erred in dismissing the case.

## ANALYSIS

### 1. Defendants' Right to Trial De Novo

■ The State argues that, by pleading guilty in the justice court, defendants waived their right to a trial de novo in the district court. The State maintains that before defendants could exercise their right to appeal

---

**1.** Although the State filed its motion in the justice court, there is nothing in the record reflecting that the justice court ruled on it. However, during the pretrial hearing in the district court, defense counsel represented to the district court judge that the justice court had in fact ruled on the issue and had ruled in defendants' favor.

the justice court's judgment to the district court, they were required to make a motion to withdraw their plea. Defendants contend they have the right to a trial de novo in the district court, regardless of whether the judgment of guilt in the justice court was the result of a trial or a plea.

Whether the district court correctly determined that section 78–5–120 and Rule 26(12)(a) entitled defendants to a trial de novo is an issue of statutory interpretation. "[W]e accord a lower court's statement of the law, statutory interpretation, or legal conclusion no particular deference, but review it for correctness." *City of Monticello v. Christensen,* 788 P.2d 513, 516 (Utah 1990).

Section 78–5–120 of the Utah Code provides:

> Any person not satisfied with a judgment rendered in a justice court, whether rendered by default or after trial, is entitled to a trial de novo in the district court of the county as provided by law. The judgment after trial de novo may not be appealed unless the court rules on the constitutionality of a statute or ordinance.

Utah Code Ann. § 78–5–120 (Supp.1997).

Rule 26(12)(a) of the Utah Rules of Criminal Procedure parallels section 78–5–120:

> An appeal may be taken to the district court from a judgment rendered in the justice court under this rule, except:
>
> (a) the case shall be tried anew in the district court. The decision of the district court is final, except when the validity or constitutionality of a statute or ordinance is raised in the justice court. . . .

Utah R.Crim. P. 26(12)(a).[2]

The State argues that the language in section 78–5–120, "whether rendered by default or after trial," limits a defendant in the justice court to a trial de novo in the district court to when he or she was found guilty by way of a default judgment, or by a guilty verdict after a trial. We do not read section 78–5–120 so narrowly. The language relied upon by the State is a dependent clause

setting out a range of circumstances within which a judgment could result from justice court proceedings, but it does not preclude a defendant from appealing other judgments. The operative language provides that "[a]ny person not satisfied with a judgment rendered in a justice court . . . is entitled to a trial de novo in the district court." Utah Code Ann. § 78–5–120 (Supp.1997).

This result is particularly true when reading section 78–5–120 in conjunction with Rule 26(12)(a). Rule 26(12)(a) clearly allows a defendant to appeal any "judgment rendered in the justice court." A judgment entered based upon a guilty plea is still a judgment. *Cf.* Utah R.Crim. P. 22(a) ("Upon a . . . plea of guilty . . . the court shall . . . enter a judgment of conviction. . . ."); *State v. Duncan,* 812 P.2d 60, 62 (Utah Ct.App.1991) (" '[C]onviction' refers to the final judgment entered on the plea . . . of guilty"). Therefore, such a judgment may be appealed from the justice court to the district court.

Moreover, to preclude the right of appeal after a guilty plea would require a person to submit to a trial or lose that right. When the constitutional right to appeal a judgment is satisfied by a trial de novo, it is illogical to require either the state or defendant to actually try the case as a prerequisite to the appeal. Additionally, because the justice court is not a court of record, the "appeal" does not involve a review of the justice court proceedings which result in a judgment.

This notwithstanding, the State argues further that before a defendant can appeal his or her guilty plea entered in the justice court to the district court, the defendant must first make a motion to withdraw the guilty plea. Otherwise, the State maintains, there is nothing for the district court to review.

In a conventional appeal environment, a motion to withdraw a guilty plea is required to "giv[e] the court who took the plea the first chance to consider defendant's arguments." *Summers v. Cook,* 759 P.2d 341, 342 (Utah Ct.App.1988). However, that underlying rationale has no place in an appeal from a

---

**2.** Although Rule 26(12)(a) requires that a party attack the constitutionality or validity of a statute or ordinance in the justice court to have an appealable issue beyond the district court, the

1997 amendment to section 78–5–120 suggests a party could raise the issue in the district court in the de novo proceedings. *See* Utah Code Ann. § 78–5–120 (Supp.1997).

justice court judgment on guilty pleas precisely because there is no record to review and the constitutional right to appeal from judgments of a justice court is satisfied by a trial de novo, upon the merits, without regard to the judgment entered in the justice court. *See* Utah Const. art. I, § 12; Utah Const. art. VIII, § 5; Utah Code Ann. § 78–5–120 (Supp.1997); Utah R.Crim. P. 26(12)(a); *City of Monticello,* 788 P.2d at 519. By appealing, the justice court judgment is stayed pursuant to Rule 4–608 of the Utah Code of Judicial Administration. The district court is not confined to the record before the justice court and need not defer to the justice court's findings and determinations. The district court neither reverses nor affirms the judgment of the justice court, but renders a new, distinct, and independent judgment. Accordingly, because the proceedings begin anew in the district court, a motion to withdraw a guilty plea would be superfluous and is thus not required.

■ We therefore hold that a defendant may appeal to the district court a judgment of conviction on a guilty plea entered voluntarily in the justice court.

### 2. Trial Court's Dismissal

Utah case law clearly provides that neither this court nor the Utah Supreme Court has jurisdiction to hear an appeal from proceedings in the district court held pursuant to an appeal from the justice court unless the issues raised in the justice court "involve[ ] the validity or constitutionality of an ordinance or statute." *State v. Matus,* 789 P.2d 304, 305 (Utah Ct.App.1990) (per curiam); *accord;* Utah Code Ann. § 78–5–120 (Supp.1997) ("The judgment after trial de novo may not be appealed unless the court rules on the constitutionality of a statute or ordinance."); Utah R.Crim. P. 26(12)(a) ("The decision of the district court is final, except when the validity or constitutionality of a statute or ordinance is raised in the justice court."); *City of Monticello,* 788 P.2d at 517.[3] Notwithstanding this established jurisdictional rule, the State argues that this court has jurisdiction to review the district court's dismissal of the case. The State first argues

that because the alleged discovery violation was initially raised in the district court, that court was not exercising its appellate responsibilities as required by section 78–5–120 and Rule 26(12)(a); and, thus, unless the instant appeal is allowed, there would be no other mechanism for challenging the district court's alleged erroneous dismissal. Second, the State contends that the limitations placed on appeals by section 78–5–120 and Rule 26(12)(a) are not applicable here because there was no actual trial as contemplated by the statute and rule. Third, the State maintains that although it may not be entitled to appeal the case based on Rule 26(12)(a), Rule 26(3)(a) provides this court with the necessary jurisdiction and, therefore, the appeal is properly before this court.

When this case was appealed from the justice court to the district court, the judgment of the justice court was stayed. *See* Utah Code Jud. Admin. R4–608(2)(C). Thus, the proceedings in the district court were de novo and the case stood precisely as it would have at that stage of the proceedings if it had begun in that court in the first instance. The district court conducted an entirely new proceeding and, therefore, that court was not acting in a typical appellate capacity.

■ The State argues that because the discovery issue was a new issue before the district court, there must be an avenue for the State to obtain review of that court's determination because it was not merely a review of the justice court's judgment. This argument is contrary to the provisions of Rule 26(12)(a) and section 78–5–120. By enacting both section 78–5–120 and Rule 26(12)(a), the Utah Legislature and the Utah Supreme Court specifically and intentionally limited the issues that may be appealed from a district court's judgment. To hold that every new issue raised before the district court is reviewable would make the limiting language in Rule 26(12)(a) and section 78–5–120 superfluous. When interpreting section 78–5–120 and Rule 26(12)(a), we will construe the language "so that no part will be inoperative or superfluous, void or insignificant, and

---

**3.** *But see* discussion *supra* note 2.

so that one section will not destroy another." *Reedeker v. Salisbury,* 952 P.2d 577, 335 Utah Adv. Rep. 17, 21 (Ct.App.1998) (quotation marks and citations omitted). Indeed, because the parties essentially get a fresh start by "appealing" to the district court, there may well be a myriad of new issues raised. However, "conventional" appellate jurisdiction is limited to only those issues attacking the validity or constitutionality of an ordinance or statute. *See City of Monticello,* 788 P.2d at 517 ("[T]his court [has] repeatedly held that a person dissatisfied with a justice court decision could appeal that decision to a district court and that the district court decision was final unless the validity or constitutionality of a statute was at issue, not on appeal, but in the lower court."); *Matus,* 789 P.2d at 305 (stating that this court lacks jurisdiction to entertain appeals from an action originating in the justice court unless the issue was raised in the justice court and attacked the validity or constitutionality of an ordinance or statute).

■ We also reject the State's argument that the district court must conduct a "trial" on the merits to conclude the matter at that level. The State argues that the language "trial de novo" in section 78–5–120 and the language in Rule 26(12)(a) that "the case shall be tried anew" means literally conducting a trial.

■ "Trial de novo" as it is used in the context of appeals from the justice court to the district court has been defined as "a complete retrial upon new evidence; ... the case is tried in the district court as if it originated there." *University of Utah v. Industrial Comm'n,* 736 P.2d 630, 632 (Utah 1987) (citation omitted). We hold that for the purposes of section 78–5–120 and Rule 26(12)(a), the terms "trial de novo" and trying the case "anew" simply mean a new proceeding in the district court, which may or may not be resolved by a trial on the merits. It is both illogical and inconsistent with the concept of a de novo proceeding to condition the finality of the proceedings for the purpose of further appeal on the method by which the proceeding is concluded. Accordingly, we reject the State's contention that a literal trial on the merits must be held

in every case to come within the ambit of and trigger the "finality" provisions of section 78–5–120 and Rule 26(12)(a).

■ Finally, the State argues that Rule 26(3)(a) of the Utah Rules of Criminal Procedure provides this court with the necessary jurisdiction to hear the instant appeal. Rule 26(3)(a) provides that "[a]n appeal may be taken by the prosecution from ... a final judgment of dismissal." The State maintains that this section of Rule 26 supersedes section (12)(a) and therefore gives this court jurisdiction to review the district court's dismissal of the case.

■ While the district court did enter a final judgment of dismissal, it is well settled that a more specific provision always takes precedence over a more general provision. *Cf. Southern Utah Wilderness Alliance v. Board of State Lands and Forestry,* 830 P.2d 233, 235 (Utah 1992) (stating established rule that "the specific governs the general"); *Ferro v. Utah Dep't Of Commerce,* 828 P.2d 507, 513 (Utah Ct.App.1992) (stating the "well-established rule of statutory construction that specific provisions prevail over general provisions"). Furthermore, the different provisions in Rule 26 must be harmonized with the intent and purpose of the supreme court and the Legislature. *Cf. Forbes v. St. Mark's Hosp.,* 754 P.2d 933, 935 (Utah 1988) ("[W]e follow the well-accepted rules of statutory construction that the provisions must be harmonized with the legislative intent and purpose and that the more specific provisions ... take precedence over and control the more general provisions...."). Clearly, section (12)(a) of Rule 26 is more specific than section (3)(a), and thus takes precedence over the same.

## CONCLUSION

We hold that a defendant who has voluntarily entered a guilty plea in the justice court may appeal the judgment entered pursuant thereto to the district court and receive a trial de novo. We further hold that, absent an issue regarding the constitutionality of a statute or ordinance, the decision of the dis-

trict court· is final and this court has no jurisdiction to hear an appeal thereof.[4]

BILLINGS and JACKSON, JJ., concur.

---

**4.** Based on our disposition of the case, we do not address the merits of the district court's dismiss-   al of the case.