2011 UT App 22

**SARATOGA SPRINGS CITY,**
**Plaintiff and Appellee,**

v.

**Craig Eric WAYMAN, Defendant**
**and Appellant.**

No. 20090465–CA.

Court of Appeals of Utah.

Jan. 21, 2011.

Grant C. Nagamatsu, Orem, for Appellant.

Lindsay Jarvis, Saratoga Springs, for Appellee.

Before Judges DAVIS, McHUGH, and THORNE.

### DECISION

PER CURIAM:

¶ 1 Craig Eric Wayman appeals his conviction of assault (domestic violence), a class B misdemeanor. This case is before us on Saratoga Springs City's "objection" to the appeal, which objection raises a jurisdictional issue and is therefore construed as a motion for summary disposition.

¶ 2 Based upon a review of the district court record, it is apparent that the district court conducted a jury trial de novo following an appeal from the Saratoga Springs Justice Court. Although there is no judgment or notice of appeal from the justice court in the district court record, two orders of transfer between the Provo and Orem Departments of the Fourth District Court refer to appeals from the Saratoga Springs Justice Court and a copy of the Information filed in the Saratoga Springs Justice Court appears in the district court record. Finally, a minute entry in the district court case refers to a trial de novo, and Wayman's filings in the district court include references to a judge of the Saratoga Springs Justice Court.

¶ 3 When a case originates in a justice court, a defendant may appeal the judgment and conviction from the justice court and obtain a trial de novo in the district court. See Utah Code Ann. § 78A–7–118(1) (Supp. 2010) (providing that a defendant is entitled to a trial de novo in district court if the defendant files a notice of appeal within thirty days after sentencing by the justice court). In this case, the district court conducted a jury trial, after which Wayman was convicted of assault.

¶ 4 Utah Code section 78A–7–118(8) provides, "The decision of the district court [following a trial de novo] is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." *Id.* § 78A–7–118(8). By enacting section 78A–7–118(8), "the Utah Legislature . . . specifically and intentionally limited the issues that may be appealed from a district court's judgment." *State v. Hinson,* 966 P.2d 273, 276 (Utah Ct.App.1998). Accordingly, "absent an issue regarding the constitutionality of a statute or ordinance, the decision of the district court is final and this court has no jurisdiction to hear an appeal thereof." *Id.* at 277–78. Our "appellate jurisdiction is limited to only those issues attacking the validity or constitutionality of an ordinance or statute." *Id.* Since July 1, 1997, appeals allowed in cases originating in justice court have been limited to those cases where the district court "rules on the constitutionality of a statute or ordinance." *See Kanab v. Guskey,* 965 P.2d 1065, 1067–1068 (Utah Ct. App.1998).

¶ 5 There is no indication in the district court record that the district court ruled upon a challenge to the constitutionality of a statute or ordinance. In addition, the docketing statement filed in this court raises only procedural issues regarding the manner in which the trial de novo was conducted. Because no issue in this appeal challenges a ruling of the district court on the constitutionality of a statute or ordinance, we lack jurisdiction to consider an appeal claiming only that the district court made procedural errors during the trial de novo.

¶ 6 Once a court has determined that it lacks jurisdiction, it "retains only the authori-

ty to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989). Accordingly, we dismiss this appeal for lack of jurisdiction.