2011 UT App 52

**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**CHUNG–JI DAI, Defendant and Appellant.**

**No. 20100832–CA.**

Court of Appeals of Utah.

Feb. 17, 2011.

Chung–Ji Dai, Salt Lake City, Appellant Pro Se.

Dawn W. Emery, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and THORNE.

## DECISION

PER CURIAM:

¶ 1 Chung–Ji Dai appeals his conviction based upon his violation of a Salt Lake City fire ordinance. This matter is before the court on its sua sponte motion for summary disposition based upon lack of jurisdiction.

¶ 2 Utah Code section 78A–7–118(8) states that "the decision of the district court [in a case originating in a justice court] is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." Utah Code Ann. § 78A–7–118(8) (Supp.2010). Accordingly, if the district court does not rule on the constitutionality of a statute or ordinance, "the decision of the district court is final and this court has no jurisdiction to hear an appeal thereof." *State v. Hinson,* 966 P.2d 273, 277 (Utah Ct.App. 1998). Dai was initially charged and later convicted of the infraction in Salt Lake City Justice Court. Dai appealed, requesting a trial de novo with the district court. The district court conducted a bench trial on September 9, 2010, and found Dai guilty of the same infraction.

¶ 3 Dai seeks review of the district court's decision. However, the record does not demonstrate that the district court ruled on the constitutionality of any statute or ordinance. Therefore, because this case originated in a justice court and the district court did not rule on the constitutionality of a statute or ordinance, this court lacks jurisdiction to hear the appeal. *See id.* When a court lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App. 1989).

¶ 4 Accordingly, we dismiss the appeal.