2011 UT App 131

**LEHI CITY, Plaintiff and Appellee,**

v.

**Saundra YOUNG, Defendant and Appellant.**

**No. 20110139–CA.**

Court of Appeals of Utah.

April 28, 2011.

Saundra Young, Lehi, Appellant Pro Se.

John A. Boden, Lehi, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Saundra Young appeals her class B misdemeanor convictions. This appeal is be-

fore the court on a sua sponte motion for summary disposition based upon lack of jurisdiction. We dismiss the appeal for lack of jurisdiction.

¶ 2 Utah Code section 78A–7–118 provides that when a justice court decision is appealed to the district court for a trial de novo, "[t]he decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." Utah Code Ann. § 78A–7–118(7) (2008). Absent a ruling on the constitutionality of a statute or ordinance, the decision of the district court is final and this court lacks jurisdiction to consider an appeal therefrom. *See State v. Hinson,* 966 P.2d 273, 277 (Utah Ct.App.1998).

¶ 3 Young was convicted of class B misdemeanors in the Lehi City Justice Court. Young appealed the justice court's decision to the district court for a de novo trial pursuant to Utah Code section 78A–7–118(1). *See* Utah Code Ann. § 78A–7–118(1). On January 14, 2011, the district court granted Lehi City's motion to dismiss the de novo appeal. The district court did not rule on the constitutionality of a statute or ordinance. Thus, this court lacks jurisdiction to consider Young's appeal. *See Hinson,* 966 P.2d at 277. When a court lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 4 Accordingly, the appeal is dismissed for lack of jurisdiction.