2011 UT App 208

**Richard S. ZABRISKIE, Plaintiff and Appellant,**

v.

**Kammy Dawn SWEAT, Defendant and Appellee.**

**No. 20110391–CA.**

Court of Appeals of Utah.

June 30, 2011.

Richard S. Zabriskie, St. George, Appellant pro se.

Scott W. Christensen, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and THORNE.

DECISION

PER CURIAM:

¶ 1 Richard S. Zabriskie seeks to appeal the district court's decision entered in a trial de novo. This appeal is before the court on a sua sponte motion for summary disposition based upon lack of jurisdiction. We dismiss the appeal for lack of jurisdiction.

¶ 2 Utah Code section 78A–7–118 provides that where a justice court decision has been appealed to the district court for a trial de novo, "[t]he decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." Utah Code Ann. § 78A–7–118(7) (2008). Absent a ruling on the constitutionality of a statute or ordinance, the decision of the district court is final and this court lacks jurisdiction to consider an appeal therefrom. *See State v. Hinson,* 966 P.2d 273, 277 (Utah Ct.App.1998).

¶ 3 On November 15, 2010, the Washington County Justice Court dismissed Zabriskie's claims with prejudice. Zabriskie appealed to the district court for a trial de novo. On April 1, 2011, the district court determined that Zabriskie failed to meet his burden of proof, and ruled in favor of Sweat.

¶ 4 The record indicates that the district court did not rule on the constitutionality of a statute or an ordinance. Thus, this court lacks jurisdiction to consider Zabriskie's appeal. *See Hinson,* 966 P.2d at 277. When a court lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 5 Accordingly, we dismiss the appeal for lack of jurisdiction.