2011 UT App 207

**WEST VALLEY CITY, Plaintiff and Appellee,**

v.

**Elham NEILSON, Defendant and Appellant.**

**No. 20110249–CA.**

Court of Appeals of Utah.

June 30, 2011.

Elham Neilson, Salt Lake City, Appellant Pro Se.

Bradley A. Jeppsen, West Valley City, for Appellee.

Before Judges DAVIS, ORME, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Elham Neilson seeks to appeal her misdemeanor convictions. This appeal is before the court on a sua sponte motion for summary disposition based upon lack of jurisdiction. We dismiss the appeal for lack of jurisdiction.

¶ 2 Utah Code section 78A–7–118 provides that where a justice court decision has been appealed to the district court for a trial de novo, "[t]he decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." Utah Code Ann. § 78A–7–118(7) (2008). Absent a ruling on the constitutionality of a statute or ordinance, the decision of the district court is final and this court lacks jurisdiction to consider an appeal therefrom. *See State v. Hinson*, 966 P.2d 273, 277 (Utah Ct.App.1998).

---

¶ 3 Neilson was convicted of class C misdemeanors in the West Valley City Justice Court. Neilson appealed the justice court's convictions to the district court for a trial de novo pursuant to Utah Code section 78A–7–118(1). *See* Utah Code Ann. § 78A–7–118(1). On March 3, 2011, the district court also convicted Neilson of the class C misdemeanors. The district court did not rule on the constitutionality of a statute or an ordinance. Thus, this court lacks jurisdiction to consider Nielson's appeal. *See Hinson,* 966 P.2d at 277. When a court lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 4 Accordingly, we dismiss the appeal for lack of jurisdiction.