2011 UT App 386

**OGDEN CITY, Plaintiff and Appellee,**

v.

**William A. WARD, Defendant and Appellant.**

**No. 20110814–CA.**

Court of Appeals of Utah.

Nov. 10, 2011.

William A. Ward, Ogden, Appellant Pro Se.

Before Judges ORME, THORNE, and VOROS.

DECISION

PER CURIAM:

¶ 1 William A. Ward appeals his convictions of the infractions of driving on a denied license, speeding, and no proof of insurance following a trial de novo in the district court on appeal from convictions originating in the Ogden City Justice Court. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 When a case originates in a justice court, a defendant may appeal the judgment and conviction from the justice court and obtain a trial de novo in the district court. *See* Utah Code Ann. § 78A–7–118(1) (Supp. 2011) (providing that a defendant is entitled to a trial de novo in district court if the defendant files a notice of appeal within thirty days after sentencing by the justice court). Utah Code section 78A–7–118(8) provides, "The decision of the district court [following a trial de novo] is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." *Id.* § 78A–7–118(8). By enacting

section 78A–7–118(8), "the Utah Legislature ... specifically and intentionally limited the issues that may be appealed from a district court's judgment." *State v. Hinson*, 966 P.2d 273, 276 (Utah Ct.App.1998). Accordingly, "absent an issue regarding the constitutionality of a statute or ordinance, the decision of the district court is final and this court has no jurisdiction to hear an appeal thereof." *Id.* at 277–78. Our "appellate jurisdiction is limited to only those issues attacking the validity or constitutionality of an ordinance or statute." *Id.* at 277. Since July 1, 1997, appeals allowed in cases originating in justice court have been limited to those cases where the district court "rules on the constitutionality of a statute or ordinance." *Kanab v. Guskey*, 965 P.2d 1065, 1067–68 (Utah Ct.App.1998); *see also Saratoga Springs v. Wayman*, 2011 UT App 22, ¶ 4, 246 P.3d 1222 (per curiam) (dismissing appeal in which the district court did not rule on the constitutionality of a statute or ordinance during de novo proceedings).

¶ 3 There is no indication in the record that the district court ruled upon a challenge to the constitutionality of a statute or ordinance. Because our jurisdiction is limited by section 78A–7–118(8) to those cases where the district court "rules on the constitutionality of a statute or ordinance," we lack jurisdiction to consider this appeal. Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989). Accordingly, we dismiss this appeal for lack of jurisdiction.