2011 UT App 427

**SPRINGVILLE CITY, Plaintiff and Appellee,**

v.

**Billy G. VINCENT Jr., Defendant and Appellant.**

**No. 20110922–CA.**

Court of Appeals of Utah.

Dec. 15, 2011.

Billy G. Vincent Jr., Spanish Fork, Appellant Pro Se.

Paul F. DeWitt, Springville, for Appellee.

Before Judges DAVIS, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Billy G. Vincent Jr. appeals his convictions of speeding in a construction zone and following too closely. This matter is before the court on its sua sponte motion for summary disposition based upon lack of jurisdiction.

¶ 2 Utah Code section 78A–7–118(8) states that "the decision of the district court [in a case originating in a justice court] is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." Utah Code Ann. § 78A–7–118(8) (Supp.2010). Accordingly, if the district court does not rule on the constitutionality of a statute or ordinance, "the decision of the district court is final and this court has no jurisdiction to hear an appeal thereof." *State v. Hinson,* 966 P.2d 273, 277 (Utah Ct.App. 1998). Vincent was initially charged and la-

ter convicted in Springville Justice Court of speeding in a construction zone and following too closely. Vincent appealed, requesting a trial de novo with the district court. The district court conducted a bench trial on September 22, 2011, and found Vincent guilty of the same charges.

¶ 3 Vincent seeks review of the district court's decision. However, while Vincent claims that the proceedings themselves did not meet constitutional standards, the record does not demonstrate that the district court ruled on the constitutionality of any statute or ordinance. Therefore, because this case originated in a justice court and the district court did not rule on the constitutionality of a statute or ordinance, this court lacks jurisdiction to hear the appeal. *See id.* When a court lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 4 Accordingly, we dismiss the appeal.