2014 UT App 107

**MURRAY CITY CORPORATION,**
**Plaintiff and Appellee,**

v.

**Samuel Adam ROBINSON, Defendant**
**and Appellant.**

No. 20130925–CA.

Court of Appeals of Utah.

May 8, 2014.

Samuel Adam Robinson, Appellant Pro Se.

Briant J. Farnsworth II and Mark S. Richardson, Attorneys for Appellee.

Before Judges J. FREDERIC VOROS JR., MICHELE M. CHRISTIANSEN, and PAMELA T. GREENWOOD.[1]

Decision

PER CURIAM:

¶ 1 Samuel Adam Robinson appeals his conviction of unlawful entry onto a controlled access highway, a class C misdemeanor, in violation of Utah Code section 41–6a–714. Because this appeal is from a district court decision following an appeal from a justice court, we have jurisdiction only to consider whether the district court erred in denying Robinson's challenge to the charging statute as unconstitutionally vague as applied to the facts of his case. *See* Utah Code Ann. § 78A–7–118(9) (LexisNexis 2012) ("The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance."). Our "appellate jurisdiction is limited to only those issues attacking the validity or constitutionality of an ordinance

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by

law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

or statute." *State v. Hinson*, 966 P.2d 273, 277 (Utah Ct.App.1998). We affirm.

¶ 2 "A person may not operate a vehicle onto or from any freeway or other controlled–access highway except at entrances or exits established by the highway authority having jurisdiction over the highway." Utah Code Ann. § 41–6a–714 (LexisNexis 2010). Robinson challenged the statute only as applied to the facts of his case.

¶ 3 Robinson was traveling eastbound on 5300 South. The entrance for eastbound traffic to enter southbound I–15 was closed. Robinson traveled beyond that entrance and made a sharp right turn to achieve the angle to enter the entrance intended to allow westbound traffic to enter southbound I–15. Robinson challenged the constitutionality of the statute as applied to him, claiming that the entrance for westbound traffic was an entrance "established by the highway authority" and it was not clear that he could be cited for using that entrance while driving his vehicle in an easterly direction. The district court denied Robinson's vagueness challenge as applied to the facts of his case, concluding that "it should be clear to just about anybody eastbound on 53rd South the way you get on southbound I–15 was blocked off, and I think it would also be common sense to most of us that you can't go down and use the westbound on-ramp to I–15 southbound." Robinson claims that the statute is unconstitutionally vague because it did not give adequate notice that he was prohibited from using a freeway entrance that was intended for use by traffic traveling in the opposite direction.

 ¶ 4 "A constitutional challenge to a statute presents a question of law that we review for correctness." *Clearfield City v. Hoyer*, 2008 UT App 226, ¶ 6, 189 P.3d 94. "[W]e presume that the statute is valid and resolve any reasonable doubts in favor of constitutionality." *State v. Willis*, 2004 UT 93, ¶ 4, 100 P.3d 1218. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Hoyer*, 2008 UT App 226, ¶ 8, 189 P.3d 94 (citation

and internal quotation marks omitted). It is not sufficient for the challenger to merely "inject doubt as to the meaning of words where no doubt would be felt by the normal reader." *Id.* (citation and internal quotation marks omitted).

¶ 5 Robinson has not demonstrated that section 41–6a–714 is unconstitutionally vague as applied to him. The district court correctly determined that it would be obvious to a reasonable person that the blocked freeway entrance was the one intended for eastbound traffic and that use of an entrance intended for vehicles traveling in the opposite direction would be prohibited. Under the circumstances of this case, we cannot say that the statute "fails to provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited." *See id.* ¶ 10 (citation and internal quotation marks omitted). Robinson had adequate notice of the conduct proscribed by the statute, and the statute was constitutional as applied to him.

¶ 6 Affirmed.