2004 UT App 47

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kevin YARDLEY, Defendant and Appellant.**

No. 20030556–CA.

Court of Appeals of Utah.

March 4, 2004.

Blake Nakamura, Nakamura & Nykamp, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Marian Decker, asst. atty. gen., Salt Lake City, for Appellee.

Before BILLINGS, P.J., DAVIS and THORNE, Jr., JJ.

## MEMORANDUM DECISION

### PER CURIAM.

¶1 Kevin Yardley entered a conditional guilty plea during de novo proceedings in district court following his justice court conviction. The conditional plea sought to preserve a right to appeal an issue that would not otherwise have been appealable under Utah Code section 78–5–120(7) (2002). The State moves to dismiss the appeal because the district court did not rule on the constitutionality of a statute or ordinance.[1]

¶2 Section 78–5–120(7) states that "[t]he decision of the district court [in a case originating in a justice court] is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." "By enacting [section 78–5–120] the Utah Legislature ... specifically and intentionally limited the issues that may be appealed from a district court's judgment." *State v. Hinson*, 966 P.2d 273, 276 (Utah Ct.App.1998). Accordingly, "absent an issue regarding the constitutionality of a statute or ordinance, the decision of the district court is final and this court has no jurisdiction to hear an appeal thereof." *Id.* at 277.

¶3 Yardley attempts to distinguish his appeal because the issue to be reviewed was first raised in district court. We rejected this argument in *Hinson*, where the State appealed the district court's dismissal of a case during de novo proceedings for failure to provide timely discovery. *See id.* at 276. The State argued that "because the discovery issue was a new issue before the district court, there must be an avenue for the State to obtain review of that court's determination because it was not merely a review of the justice court's judgment." *Id.* We disagreed, concluding that "[t]o hold that every new issue raised before the district court is reviewable would make the limiting language in ... section 78–5–120 superfluous." *Id.* Thus, we dismissed the appeal because our appellate jurisdiction under section 78–5–120 "is limited to only those issues attacking the validity or constitutionality of an ordinance or statute." *Id.*

¶4 Yardley's attempt to distinguish *Draper City v. Roper*, 2003 UT App 312, 78 P.3d 631 (per curiam), is also without merit. Roper claimed that section 78–5–120(7) limited our appellate review only when a defendant receives a trial de novo. *See id* at ¶4. He also claimed that dismissal of the appeal by this court would deny his right to appeal the district court's decision. *See id.* at ¶5. We held that "section 78–5–120 limits this court's review of a district court 'decision' and makes no distinction between a decision in a trial and a decision in a hearing do novo." *Id.* at ¶4.

¶5 Yardley seeks to appeal the district court's denial of his motion to dismiss based upon a claim that the statute of limitations on the alleged offense had expired. The appeal is not taken from a district court ruling on the constitutionality of a statute or ordinance, and it is not within our appellate jurisdiction. Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989). Accordingly, we dismiss the appeal.

---

1. We previously consolidated Case No. 2003556–CA and Case No. 20030920–CA, both filed in the same case.