2011 UT App 403

**CEDAR CITY, Plaintiff and Appellee,**

v.

**Devin Deon DOVE, Defendant and Appellant.**

**No. 20110740–CA.**

Court of Appeals of Utah.

Nov. 25, 2011.

Jeffery E. Slack, Cedar City, for Appellant.

Before Judges ORME, VOROS, and ROTH.

DECISION

PER CURIAM:

¶ 1 Devin Deon Dove appeals his conviction based upon a guilty plea to driving under the influence of alcohol and/or drugs, a class B misdemeanor, in proceedings in the district court on appeal from a conviction in the Iron County Justice Court. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 When a case originates in a justice court, a defendant may appeal the judgment and conviction from the justice court to the district court. *See* Utah Code Ann. § 78A–7–118(1) (Supp.2011) (providing that a defendant is entitled to a trial de novo in district court if the defendant files a notice of appeal within thirty days after sentencing by the justice court). Utah Code section 78A–7–118(8) provides, "The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." *Id.* § 78A–7–118(8). By enacting section 78A–7–118(8), "the Utah Legislature ... specifically and intentionally limited the issues that may be appealed from a district court's judgment." *State v. Hinson,* 966 P.2d 273, 276 (Utah Ct.App.1998). Accordingly, our "appellate jurisdiction is limited to only those issues attacking the validity or constitutionality of an ordinance or statute." *Id.* at 277. Since July 1, 1997, appeals allowed in cases originating in justice court have been limited to those cases where the district court "rules on the constitutionality of a statute or ordinance." *Kanab v. Guskey,* 965 P.2d 1065, 1067–68 (Utah Ct.App.1998); *see also Saratoga Springs v. Wayman,* 2011 UT App 22, ¶ 4, 246 P.3d 1222 (per curiam) (dismissing an appeal in which the district court did not rule on the constitutionality of a statute or ordinance during de novo proceedings).

¶ 3 There is nothing in the record to demonstrate that the district court ruled upon a challenge to the constitutionality of a statute or ordinance. Instead, Dove entered what he apparently intended to be a conditional guilty plea, purportedly reserving the right to appeal from the denial of his motion to

introduce expert testimony on the effects of his ingestion of prescribed Ambien pills on the requisite mental state for the offense. However, because our jurisdiction is limited by section 78A–7–118(8) to those cases where the district court "rules on the constitutionality of a statute or ordinance," we lack jurisdiction to consider this appeal. *See State v. Yardley,* 2004 UT App 47, 87 P.3d 749 (per curiam) (dismissing an appeal from a conditional guilty plea entered in district court de novo proceeding). Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989). Accordingly, we dismiss this appeal for lack of jurisdiction.