IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Provo City, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110850-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (January 20, 2012) |
| Daniel Fackrell, | ) | |
| | ) | 2012 UT App 17 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 105400103
The Honorable Derek P. Pullan

Attorneys:     Daniel Fackrell, Springville, Appellant Pro Se
               Camille S. Williams, Provo, for Appellee

-----

Before Judges Voros, Davis, and Roth.

¶1     Daniel Fackrell appeals his conviction of driving a vehicle without a valid driver license, a class C misdemeanor, following de novo proceedings in the district court on appeal from a conviction in the Provo City Justice Court. This case is before the court on a sua sponte motion for summary disposition.

¶2     When a case originates in a justice court, a defendant may appeal the judgment and conviction from the justice court to the district court. *See* Utah Code Ann. § 78A-7-118(1) (Supp. 2011) (providing that a defendant is entitled to a trial de novo in district court if the defendant files a notice of appeal within thirty days after sentencing by the justice court). Utah Code section 78A-7-118(8) provides, "The decision of the district court is final and may not be appealed unless the district court rules on the

constitutionality of a statute or ordinance." *Id.* § 78A-7-118(8). By enacting section 78A-7-118(8), "the Utah Legislature . . . specifically and intentionally limited the issues that may be appealed from a district court's judgment." *State v. Hinson,* 966 P.2d 273, 276 (Utah Ct. App. 1998). Accordingly, our "appellate jurisdiction is limited to only those issues attacking the validity or constitutionality of an ordinance or statute." *Id.* at 277. Since July 1, 1997, appeals allowed in cases originating in justice court have been limited to those cases where the district court "rules on the constitutionality of a statute or ordinance." *Kanab v. Guskey*, 965 P.2d 1065, 1067-68 (Utah Ct. App. 1998); *see also Saratoga Springs v. Wayman*, 2011 UT App 22, ¶ 4, 246 P.3d 1222 (per curiam) (dismissing an appeal in which the district court did not rule on the constitutionality of a statute or ordinance during de novo proceedings).

¶3      We lack jurisdiction to consider the appeal because the district court did not rule on the constitutionality of Utah Code section 53-2-202, the statute under which Fackrell was charged. *See* Utah Code Ann. § 53-3-202 (2010) (prohibiting a person from driving "a motor vehicle on a highway in this state unless the person is granted the privilege to operate a motor vehicle by being licensed as a driver . . . under this Chapter"). Fackrell contends that the denial of his motion to dismiss was an implicit ruling on the constitutionality of the statute. The motion to dismiss alleged that no facts were pleaded to establish the "corpus delicti" of an offense and further alleged that prosecution of traffic offenses in general "falls outside the stated purpose of the government of the State of Utah (Utah Constitution, Article I, sections 2 and 3)." Following oral argument, the district court denied the motion to dismiss, making only a finding that the "corpus delicti rule does not apply to this criminal action." The motion did not articulate a constitutional challenge to a specific statute or ordinance, and the district court did not rule on the constitutionality of a statute or ordinance. *See generally Guskey*, 965 P.2d at 1066 (requiring "that a specific statute or ordinance be challenged on constitutional grounds").

¶4      Because our jurisdiction is limited by section 78A-7-118(8) to those cases where the district court "rules on the constitutionality of a statute or ordinance," we lack jurisdiction to consider this appeal. *See State v. Yardley*, 2004 UT App 47, 87 P.3d 749 (per curiam) (dismissing an appeal from a conditional guilty plea entered in a district court de novo proceeding). Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989). Accordingly, we dismiss this appeal for lack of

jurisdiction. Our disposition makes it unnecessary to consider the additional grounds for dismissal raised by Provo City.

WE CONCUR:

_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
James Z. Davis, Judge

-----

ROTH, Judge (concurring in the result):

¶5    The majority resolves this case against the appellant for lack of jurisdiction based on their conclusion that "the district court did not rule on the constitutionality of Utah Code section 53-2-202, the statute under which Fackrell was charged." I do not agree that Fackrell failed to raise a constitutional challenge to the statute or that the district court did not rule on that constitutional challenge.

¶6    The majority acknowledges that Fackrell alleged in his district court motion to dismiss "that prosecution of traffic offenses in general 'falls outside the stated purpose of the government of the State of Utah (Utah Constitution, Article I, sections 2 and 3),'" but then concludes that "the motion did not articulate a constitutional challenge to a specific statute." By claiming that the state government lacked constitutional authority to "prosecute[][1] traffic offenses" generally, Fackrell necessarily challenged its authority

---

[1]While Fackrell uses the word "prosecute" here, in context it seems reasonable to interpret his claim to be a constitutional challenge to the State's authority to enact traffic

(continued...)

to enact Utah Code section 53-2-202, the particular offense with which he was charged and for which he was convicted.

¶7      The majority also concludes that "the district court did not rule on the constitutionality of a statute." Because resolution of the constitutional question of the State's authority to enact the law at issue was a threshold issue in this case, the district court could not avoid ruling on it, and therefore its silence cannot properly be regarded as a failure to resolve the issue. Rather, by reaching and ruling on Fackrell's corpus delecti issue, the court necessarily decided that the State had authority to enact and prosecute the particular traffic offense. The court therefore necessarily ruled against Fackrell on the constitutional issue he raised.

¶8      Because I believe that Fackrell raised a challenge to the statute, however inartfully, and the district court ruled against him on that challenge, I cannot agree with the reasoning for the majority's decision.[2] Nevertheless, I concur in the result, because I also believe that Fackrell's challenge to the State's constitutional authority to enact and enforce traffic laws is without merit. *See generally City of Salina v. Wisden*, 737 P.2d 981 (Utah 1987).

_____

Stephen L. Roth, Judge

_____

[1](...continued)
laws generally, not simply to its right to actually "prosecute" traffic offenses it has otherwise lawfully enacted.

[2]The sparseness of Fackrell's presentation and argument of the issue to the district court may also raise a preservation question, but that is not the basis for the majority's decision.