DECISION
PER CURIAM:
{1 Daniel Fackrell appeals his conviction of driving a vehicle without a valid driver Hcense, a class C misdemeanor, following de novo proceedings in the district court on appeal from a conviction in the Provo City Justice Court. This case is before the court on a sua sponte motion for summary disposition.
{2 When a case originates in a justice court, a defendant may appeal the judgment and conviction from the justice court to the district court. See Utah Code Ann. § 78A-7-118(1) (Supp.2011) (providing that a defendant is entitled to a trial de novo in district court if the defendant files a notice of appeal within thirty days after sentencing by the justice court). Utah Code section T8A-7-118(8) provides, "The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." Id. § 78A-7-118(8). By enacting section 78A-7-118(8), "the Utah Legislature ... specifically and intentionally limited the issues that may be appealed from a district court's judgment." State v. Hinson, 966 P.2d 273, 276 (Utah Ct.App.1998). - Accordingly, our "appellate jurisdiction is limited to only those issues attacking the validity or constitutionality of an ordinance or statute." Id. at 277. Since July 1, 1997, appeals allowed in cases originating in justice court have been limited to those cases where the district court "rules on the constitutionality of a statute or ordinance." Kanab v. Guskey, 965 P.2d 1065, 1067-68 (Utah Ct.App.1998); see also Saratoga Springs v. Wayman, 2011 UT App 22, ¶ 4, 246 P.3d 1222 (per curiam) (dismissing an appeal in which the district court did not rule on the constitutionality of a statute or ordinance during de novo proceedings).
T3 We lack jurisdiction to consider the appeal because the district court did not rule on the constitutionality of Utah Code section 53-2-202, the statute under which Fackrell was charged. See Utah Code Ann. § 58-3-202 (2010) (prohibiting a person from driving "a motor vehicle on a highway in this state unless the person is granted the privilege to operate a motor vehicle by being licensed as a driver ... under this Chapter"). Fackrell contends that the denial of his motion to dismiss was an implicit ruling on the constitutionality of the statute. The motion to dismiss alleged that no facts were pleaded to establish the "corpus delecti" of an offense and further alleged that prosecution of traffic offenses in general "falls outside the stated purpose of the government of the State of Utah (Utah Constitution, Article I, sections 2 and 3)." Following oral argument, the district court denied the motion to dismiss, mak *1010 ing only a finding that the "corpus delecti rule does not apply to this criminal action." The motion did not-articulate a constitutional challenge to a specific statute or ordinance, and the district court did not rule on the constitutionality of a statute or ordinance. See generally Guskey, 965 P.2d at 1066 (requiring "that a specific statute or ordinance be challenged on constitutional grounds").
T4 Because our jurisdiction is limited by section T8A-7-118(8) to those cases where the district court "rules on the constitutionality of a statute or ordinance," we lack jurisdiction to consider this appeal. See State v. Yardley, 2004 UT App 47, 87 P.3d 749 (per curiam) (dismissing an appeal from a conditional guilty plea entered in a district court de novo proceeding). Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." Varian-Eimac, Inc. v. Lamoreaux, 767 P.2d 569, 570 (Utah Ct.App.1989). Accordingly, we dismiss this appeal for lack of jurisdiction. Our disposition makes it unnecessary to consider the additional grounds for dismissal raised by Provo City.
WE CONCUR: J. FREDERIC VOROS JR., Associate Presiding Judge and JAMES Z. DAVIS, Judge.