IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Ogden City, | ) | AMENDED MEMORANDUM |
| | ) | DECISION[1] |
| Plaintiff and Appellee, | ) | |
| | ) | Case No. 20110051-CA |
| v. | ) | |
| | ) | F I L E D |
| James Weston Decker, | ) | (November 1, 2012) |
| | ) | |
| Defendant and Appellant. | ) | 2012 UT App 307 |

-----

Second District, Ogden Department, 108900991
The Honorable Michael D. DiReda

Attorneys:     Stephen G. Homer, West Jordan, for Appellant
               Mark H. Stratford, Ogden, for Appellee

-----

Before Judges Orme, Thorne, and McHugh.

McHUGH, Judge:

¶1     James Weston Decker appeals from a $3875 judgment entered by the district court against Decker for violating an ordinance adopted by Ogden City (the City) barring illegal storage of junk and debris.[2] *See generally* Utah Code Ann.

---

1. This Amended Memorandum Decision replaces the Memorandum Decision in Case No. 20110051-CA issued on August 16, 2012. Paragraphs 1 and 9 have been revised.

2. The City originally sued Decker in small claims court, which entered judgment against Decker. Decker appealed to the district court, which held a trial de novo.

§ 10-11-1 to -4 (2007);[3] Ogden City, Utah, Code §§ 12-4-1 to -8 (2012); *id.* §§ 1-4B-3 to -5. We affirm the district court's decision.

¶2     In late October 2006, a code enforcement officer for the City noticed that a residential property (the Property) had "junk and debris on the side yard," including household items, appliances, couches, scrap wood, and metal (collectively, the junk), in violation of an Ogden City ordinance. *See* Ogden City, Utah, Code § 12-4-2 (prohibiting "[j]unk or salvage material" on any "yard, garden, lawn or outdoor premises"). The officer took photographs to document the situation and sent a notice of the violation to Decker on October 31, 2006. The notice warned,

> All Code Violation[s] must be corrected within 15 days of the date of this notice. Failure to comply with this notice by making the necessary correction[s] within the 15 days will result in the following:
>
> -      Imposition of an initial civil penalty in the amount of $125[.]
>
> -      Ogden [C]ity abating (correcting) the public nuisance violation(s), and all expenses billed to you.
>
> -      The City may also elect to assess the expenses directly against the property as a tax lien.
>
> Continued noncompliance after the first civil penalty can result in the imposition of additional civil penalties, which are imposed on a daily basis. A second violation is $250, in addition to the $125 penalty. Subsequent violations are $500 per day. The filing of criminal charges may also occur. These additional penalties are possible if any of the above violation[s] remain on the property, even if one or more violations are corrected by the City. (Only one notice is required for the entire season of weed growth. The City

---

[3]Chapter 11 of the Utah Code was amended substantively in 2011. We therefore cite the version of Chapter 11 that was in effect when the City fined Decker in 2006 and 2007. *Compare* Utah Code Ann. §§ 10-11-1 to -4 (2007), *with id.* (Supp. 2012).

> without further notice may abate re-growth of weeds in violation of City ordinance after initial compliance or abatement.)

(Emphasis omitted.) The notice also informed Decker of the City's appeal process, which required Decker to file a written request for a hearing and to pay a $25 filing fee.

¶3 When the officer returned to the Property on November 16 for a reinspection, the junk remained, and he issued an initial $125 civil citation to Decker in accordance with the warning. *See generally* Ogden City, Utah, Code §§ 1-4B-3 to -4; *id.* § 12-7-24(B) (outlining the City's civil fine structure). On December 4, the officer again visited the Property, noted that the junk had yet to be removed, and issued a $250 citation. The officer issued a $500 citation on December 20 upon discovering that Decker still had not removed the junk. During the next year, the same officer visited the Property on several more occasions. Each time he found the junk still in the yard and issued a $500 citation. The officer issued the final $500 citation at issue on appeal on September 28, 2007.[4] In the end, the fines totaled $3875. The City did not remove the junk, and therefore did not abate the violation.

¶4 Decker challenged the civil fines, but the City did not schedule a hearing because Decker did not pay the required $25 fee. Subsequently, the City sued Decker in small claims court and the court entered judgment against Decker. Decker appealed the small claims judgment to the district court, which held a trial de novo on October 18, 2010. The district court entered judgment against Decker in the amount of $3875. He now appeals.

¶5 Before we review Decker's claims, we first evaluate our subject matter jurisdiction. *See generally In re adoption of Baby E.Z.*, 2011 UT 38, ¶ 36, 266 P.3d 702 ("Because subject matter jurisdiction goes to the court's authority to hear a case, courts have an independent obligation to . . . raise and decide jurisdictional questions that the parties either overlook or elect not to press." (omission in original) (internal quotation marks omitted)), *cert. denied*, 132 S. Ct. 1743 (2012). Where an appeal is from a trial de novo in the district court of a small claims proceeding, our jurisdiction is narrow. *See*

---

[4]The City deferred issuing citations from March 21, 2007, until September 2007, while pursuing a criminal complaint for noncompliance. The resolution of those proceedings is unclear from the record and is not at issue on appeal.

Utah Code Ann. § 78A-8-106(2) (2008).[5] Such a decision "may not be appealed unless the court *rules on the constitutionality* of a statute or ordinance." *See id.* (emphasis added). We have clarified that our jurisdiction depends on whether the district court ruled on the constitutionality of a statute or ordinance, irrespective of whether the small claims or justice court considered the constitutional issue. *See West Valley City v. Goodman*, 2006 UT 27, ¶¶ 3-5, 17-19, 135 P.3d 874 (exercising subject matter jurisdiction over a constitutional challenge raised only in the district court); *Pleasant Grove City v. Orvis*, 2007 UT App 74, ¶ 11, 157 P.3d 355 (holding that the district court must rule on the constitutionality of a statute or ordinance to confer jurisdiction).

¶6      Here, while Decker raises multiple issues on appeal, the district court ruled on just two of those issues.[6] First, Decker claims that the $25 hearing fee violates the Utah Constitution's prohibition against compelling an accused person to advance money or fees to secure his constitutional rights. *See* Utah Const. art. I, § 12. The district court rejected this argument, specifically ruling that the "accused persons" clause of the Utah Constitution does not apply to proceedings to enforce civil fines. Thus, the district court ruled on the constitutionality of the hearing fee ordinance and we have subject matter jurisdiction over this claim. *See* Utah Code Ann. § 78A-8-106(2).

¶7      Second, Decker contends that the City's ordinance allowing for civil fines violates his due process rights because it conflicts with state law. *See* Utah Const. art. XI, § 5

---

[5]Section 78A-8-106(2) was previously codified at section 78-6-10 and was renumbered in 2008. *See* Utah Code Ann. § 78A-8-106(2) amend. notes (2008). Because the recodification involved no substantive changes, we cite the current version of the statute for the convenience of the reader.

[6]Decker also claims that the $3875 fine violates Utah's constitution because it directly conflicts with the statutory maximum of $1000 in civil fines per violation. *See* Utah Code Ann. § 10-8-84 (2007); *id.* § 10-3-703(2)(a); *id.* § 76-3-301(1)(d) (2008). However, Decker did not raise this issue in the district court and the district court did not rule on it. Consequently, we do not have subject matter jurisdiction over this issue on appeal. *See id.* § 78A-8-106(2) (2008). For the same reason, we lack jurisdiction over Decker's due process challenge to the $25 hearing fee raised for the first time on appeal. Because we lack jurisdiction over these claims, we do not address them substantively. *See State v. Yardley*, 2004 UT App 47, ¶ 5, 87 P.3d 749 (per curiam) ("Once a court has determined that it lacks jurisdiction, it retains only the authority to dismiss the action." (internal quotation marks omitted)).

(granting cities authority to "adopt and enforce . . . regulations not in conflict with the general law"). Specifically, Decker argues that the civil fine violates Chapter 11 of the Utah Code (the Abatement Chapter). *Compare* Utah Code Ann. §§ 10-11-1 to -4 (2007), *with* Ogden City, Utah, Code § 12-4-2 (2012), *and id.* § 12-7-24. According to Decker, the Abatement Chapter requires that a municipality abate offending junk and then collect the costs of abatement from the property owner. In the district court, Decker asserted that the City's ordinance is invalid because it allows the City to collect successive fines for the property owner's failure to abate the junk in direct contravention of the state statute. The district court disagreed, ruling that the City's imposition of fines under its ordinance does not conflict with the Abatement Chapter.

¶8     If the district court had explicitly ruled on the constitutionality of the ordinance based on its alleged conflict with state law, our subject matter jurisdiction "would be beyond dispute." *See Goodman*, 2006 UT 27, ¶¶ 13, 18-19 (exercising subject matter jurisdiction over a claim that the justice court system was unconstitutional). Decker never argued to the district court or on appeal, however, that the ordinance violates the Utah Constitution because of its conflict with state law. Although Decker tries to couch his argument as a constitutional one for the first time on appeal, he does so only under the due process clause of the Utah Constitution. *Compare* Utah Const. art. I, § 7 ("No person shall be deprived of life, liberty or property, without due process of law."), *with* Utah Const. art XI, § 5 ("Each city . . . is hereby granted, the authority to exercise all powers relating to municipal affairs, and to adopt and enforce within its limits, local police, sanitary and similar regulations not in conflict with the general law."). Additionally, Decker provides no citations supporting his claim that the City "must obey the statutes which are applicable to it" and "[i]f it fails to do so in its dealings with its citizens, [a] citizen's 'due process of law' rights are violated." Nor does Decker's argument address how we may exercise jurisdiction when he raised no due process challenge before the district court and the district court made no due process ruling. *See* Utah Code Ann. § 78A-8-106(2). Because we will not assume an appellant's "burden of argument and research," we decline to consider this claim. *See Treff v. Hinckley*, 2001 UT 50, ¶ 11, 26 P.3d 212 (internal quotation marks omitted); *see also* Utah R. App. P. 24(a)(9) ("The argument shall contain . . . citations to the authorities, statutes, and parts of the record relied on.").

¶9     Thus, only one of Decker's claims is properly before us on appeal: Whether the $25 hearing fee violates the accused persons clause. We review this constitutional ruling for correctness. *See Chen v. Stewart*, 2004 UT 82, ¶ 25, 100 P.3d 1177. The Utah Constitution's accused persons clause provides,

> In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to be confronted by the witnesses against him, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, and the right to appeal in all cases. In no instance shall any accused person, before final judgment, be compelled to advance money or fees to secure the rights herein guaranteed. The accused shall not be compelled to give evidence against himself; a wife shall not be compelled to testify against her husband, nor a husband against his wife, nor shall any person be twice put in jeopardy for the same offense. . . . .

Utah Const. art. I, § 12. Decker contends that the $25 hearing fee is unconstitutional both because the accused persons clause is "universal in its scope," thereby applying to civil actions, and because cities use civil citations to avoid the constitutional rights afforded to criminal defendants. Yet he cites no authority to support these propositions. To the contrary, the accused persons clause expressly applies to "criminal prosecutions," *see id.,* and its scope has been interpreted narrowly, *see, e.g., State v. Johnson,* 700 P.2d 1125, 1128 (Utah 1985) (holding that because the accused persons clause applies only before final judgment, filing fees may be imposed in criminal appeals so long as there is an exception for indigent defendants); *State v. Ruggeri,* 19 Utah 2d 216, 429 P.2d 969, 973 (1967) (concluding that the protections of the accused persons clause extend to a "target of a[ criminal] investigation" but not to a witness).

¶10 Nonetheless, Decker argues that he should be entitled to the protections of the accused persons clause because he was, in effect, convicted under the Ogden City Code in a civil proceeding. To advance his position, Decker relies on article A, the municipal code section dealing with criminal violations of an ordinance. *See* Ogden City, Utah, Code § 1-4A-1 (2012). However, the City fined Decker under article B, which "provide[s] a standardized procedure for the administrative imposition of certain civil penalties . . . without resort to the criminal courts." *Id.* § 1-4B-1; *see also* Utah Code Ann. § 10-3-703(2)(a) (2007) (enabling municipalities to impose civil fines for ordinance violations). Thus, Decker was not a criminal defendant entitled to the protections of article I, section 12 of the Utah Constitution, and therefore, the City's ordinance

mandating a $25 fee to challenge a civil fine does not violate that constitutional provision.

¶11    Affirmed.


_____

Carolyn B. McHugh, Judge


-----

¶12    I CONCUR:


_____

William A. Thorne Jr., Judge


-----

ORME, Judge (concurring in part and concurring in the result in part):

¶13    I concur in the court's decision except for its treatment of the issue dealt with in paragraphs 7 and 8.  I am uneasy with paragraph 8 because it seems to suggest that Decker would have a plausible argument that the district court implicitly ruled on the constitutionality of the ordinance allowing for civil fines, thus vesting us with jurisdiction over this issue, but for his failure to argue "that the ordinance violates the Utah Constitution"; but for his failure to "provide[] . . . citations supporting his claim"; but for his failure to "address how we may exercise jurisdiction when he raised no due process challenge before the district court and the district court made no due process ruling"; and because "we will not assume an appellant's 'burden of argument and research.'"

¶14    In my view, it is just not that complicated.  The district court did not "rule[] on the constitutionality of a statute or ordinance" in connection with this issue.  *See* Utah Code Ann. § 78A-8-106(2) (2008).  It had no occasion to do so.  Decker did not argue the ordinance's unconstitutionality.  As acknowledged by my colleagues, he only argued that the ordinance violated a provision of the Utah Code.  The district court rejected that argument, holding that the ordinance was consistent with the statute. Having so ruled, it had no occasion to reach out and decide a constitutional argument that was never

made.  As a result, we would have no jurisdiction to consider this issue no matter how brilliantly Decker briefed it.

¶15     Because, as the lead decision recognizes, "Decker tries to couch his argument as a constitutional one for the first time on appeal," we simply have no jurisdiction to consider it.  I would dispose of this argument as summarily as we do the two in footnote 5.  There is only one issue over which we have jurisdiction and which merits discussion.  That is the issue dealt with in paragraphs 9 and 10.  And I fully concur in our discussion and resolution of that issue.

_____
Gregory K. Orme, Judge